[Stokes v. Culver.]

# Stokes *v.* Culver.

### *Action in Detinue.*

1. *Inspection laws of Alabama have no extra territorial operation.*—A mortgage and note executed in Alabama by a citizen thereof to a citizen in Georgia, in payment for guano which was delivered to, and accepted by the purchaser in that State, cannot be avoided because the guano was not inspected and branded under the laws of Alabama, on being brought to Alabama.

2. *Special plea; what a good defense in detinue.*—A plea showing that defendant seized and bought the specific property claimed merely as agent of the mortgagees of plaintiff, under a mortgage claiming the property, and authorizing such seizure and purchase, presents a good defense to an action of detinue; not because the defendant acted merely as agent, but because it shows title to the property under the mortgage to the principals, and the assertion of that title.

3. *Demurrer to special plea; what not ground for reversal.*—An erroneous ruling sustaining a demurrer to a special plea, is not ground for reversal when the record shows that defendant had the benefit of the defense set up, under evidence introduced in support of the plea of the general issue.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

Early in 1873, one E. S. Culver, and J. T. Culver the appellee, gave the appellant as agent of Clayton & Lightfoot, a commission firm in Savannah, Georgia, an order for a quantity of guano, for which a certain note and mortgage were executed by said E. S. and J. T. Culver. The guano was delivered to said E. S. Culver, at Ft. Gaines, Georgia, and divided between him and appellee before the executing of the note and mortgage. In the fall of 1873, after the note had matured, and before it was paid, Clayton & Lightfoot seized three bales of cotton, under the power in the mortgage, which cotton was advertised and sold, and the appellant, Stokes, became the purchaser—Stokes acting throughout as the agent of Clayton & Lightfoot. On the day of the sale the appellee demanded the cotton and brought action of detinue, in Henry county, against the appellant for said cotton. The appellant pleaded the general issue and a special plea. Issue was joined upon the first, and a demurrer sustained to the latter. The cotton sued for was received by appellee as rent for a portion of his plantation, cultivated by one Peter Culver in 1873. The guano given in consideration of the note and mortgage to Clayton &

Lightfoot was not inspected, analyzed or branded within the State of Alabama. The court, at the instance of the appellee, charged the jury that the failure to have the guano inspected within the State (see Acts 1870–71, p. 68, §§ 2, 3) rendered the note and mortgage illegal and without consideration, and that they must find for the plaintiff (the appellee). The defendant (appellant) asked a charge that said statute " had no extra territorial operation," &c., which was refused. The defendant excepted to the several rulings of the court, and now assigns the same as error.

W. C. and J. W. OATES, for appellant.—1. The sustaining of the demurrer to the special plea of appellant was erroneous.—Revised Code, 2656 ; *Helvenstein v. Hijjoson*, 35 Ala. 259 ; *Robbins v. Mindenhall*, 35 Ala. 722. The special plea sets up as a defense that Stokes bought at the sale of the cotton, under the mortgage. It is not contended that agency alone protects the agent in a suit against him for a tort committed while acting as agent, but this plea goes further, and shows that Stokes purchased at a *mortgage sale*.

2. The act of the General Assembly (Acts 1870–1, p. 68, §§ 2, 3) has no extra territorial operation. No statute is extra territorial except when aided by treaty, comity or the general provisions of international law; they are never so, *proprio rigore*.—*Hoyt v. Thompson*, 5 N. Y. (1 Seld.) 320.

J. A. CORBITT, *contra*. (No brief came to Reporter.)

MANNING, J.—1. The principal question to be decided in this cause is, whether a promissory note and mortgage to secure the payment of it, which were executed in Alabama, to citizens of Georgia, in consideration of guano, or other fertilizer, which was delivered by the seller and accepted by the buyer in the State of Georgia, were void because the fertilizer was not inspected by an inspector of the State of Alabama, in accordance with the act that was then in force on that subject. We are clearly of opinion that they are not. The inspection law of Alabama had no extra territorial operation. The fertilizer had become the property of the buyer in the State of Georgia, where he accepted it. And if, as his property, he chose to bring it into the State of Alabama, and there use it, without having an inspection made of it—he can not by that means deprive the seller of his right to payment for it. No complaint was made of the article, or of any fraud in the purchase. There was no dis--

[Pool et al. v. Ragland's Administrator.]

pute about the place of delivery, that being proved on behalf of plaintiff and defendant; and the note and mortgage were executed after such delivery.

The charge of the court, upon the evidence, was erroneous.

2–3. The court erred also in sustaining a demurrer to the special plea of Stokes, the defendant in the court below. This would not, perhaps, effect a reversal of the judgment if there were no other error, as the defense set up, or rather which might have been made, under the plea could also have been made, and the evidence to support it was received, under the plea of the general issue, *non detinet*.

The virtue of the special plea does not consist in the fact that defendant was but the agent in the transactions out of which the suit arose, of the payees of the note and mortgagees, or in the purchase by him as agent at the sale under the power in the mortgage made by him as such agent; but in the fact that the averments of the plea show title to the cotton, under the mortgage, in his principals, and the assertion of such title, and thereby controvert the supposed title upon which the plaintiffs rely to maintain their action of detinue.

The judgment must be reversed and the cause remanded.