# Renfro & Andrews *v.* Loyd.

### Action on Promissory Note, by Payees against Maker.

1.   *Sale of fertilizers, without compliance with inspection laws.*—Under the provisions of the act approved March 2, 1871, requiring the inspecting, stamping and branding of fertilizers (since repealed), there could be no recovery for the price of a fertilizer, which had not been inspected, stamped or branded, as required by the second section of that act.

2.   *Same; sufficiency of plea in averment of facts, or legal conclusions.*—In an action on a promissory note given for the price of a fertilizer sold by plaintiffs to defendant, a plea averring that the fertilizer had not been inspected, stamped or branded, as required by the second section of the said act, is not objectionable for vagueness or indefiniteness, nor as averring legal conclusions instead of facts.

3.   *Same; place of sale; sufficiency of plea.*—Although the said statute had no extra-territorial operation, and did not affect the validity of sales made in another State; yet, in a plea setting up a failure to comply with the requisitions of the statute, in defense of an action on a note given for the price of a fertilizer, it is not necessary to aver that the sale was made in Alabama : if it was not made here, the fact would be good matter for a replication to the plea.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. JAMES E. COBB.

J. M. CHILTON, for appellant.

W. H. BARNES, *contra*.

BRICKELL, C. J.—The action was commenced before a justice of the peace, and was founded on a promissory note made by the defendant, payable to the plaintiffs, dated the 15th day of April, 1873, for the payment of $78.23 on the 1st day of October, 1873, with interest from date.   The cause

[Renfro & Andrews v. Loyd.]

was removed into the Circuit Court, and the defendant there filed several pleas; the fourth of which avers, that the consideration of the note was a fertilizer, manufactured in, or imported into the State, and sold by the plaintiffs to the defendant, which had not been inspected, stamped or branded, as required by the second section of the act of the General Assembly, entitled "An act to protect the planters of this State from imposition in the sale of fertilizers," approved March 2d, 1871.    To this plea the plaintiffs demurred, assigning eight several causes of demurrer.    The material causes are, that the plea is defective in not averring that the sale was made in this State; and that it is vague and indefinite, not averring any specific facts which show a failure on the part of the plaintiffs to cause the inspection, stamping, or branding the fertilizer.

That there can be no recovery of the price of a fertilizer sold within this State, which was not inspected, branded and stamped, as required by the second section of the statute referred to in the plea, was settled in *Woods v. Armstrong*, 54 Ala. 150.    The first section of the act required the governor to appoint an inspector of fertilizers for the State at large; who had the power to appoint sub-inspectors, in such counties as the governor may have designated.    The inspector or sub-inspectors were required, by the second section of the law, in their respective counties to inspect all fertilizers, and to stamp or brand the packages thereof with his name as inspector, and the name of the county in which it was inspected.    The plea negatives a compliance with this section.    There is no room for intendment, or presumption,— no necessity for it.    The averment is express, that the consideration of the note was the price of a ton of fertilizer, either manufactured in this State, or imported into it, and that it had not been inspected, branded or stamped, as was required by the second section of the law.    There was no reference to the jury of a question of law—of what was required by the second section of the statute—as is supposed by counsel.    There was a mere denial that certain acts, required by that section, and essential to the validity of the contract, had been done.

The statute had no extra-territorial operation.    It did not affect the validity of a sale of a fertilizer not inspected, made in another State, to a citizen of this State.—*Stokes v. Culver*, 57 Ala. 412.    While this is true, we are not prepared to pronounce the plea defective, because it contains no averment that the sale of the fertilizer was made in this State.    If the sale was not in this State, the fact was as completely within the knowledge of the plaintiff as within that of the defendant,

and was the matter of a replication to the plea. *Time* and *place*, where material facts may have occurred which form the matter of pleas, are not introduced into any of the forms of pleas given by the Code; and pleas analogous to the forms are declared sufficient.

The judgment is affirmed.