# Harrison *v.* Jones.

## *Action on Account.*

1. *Act adopting the Code; effect of subsequent act incorporated therein.*
By the act adopting the Code of 1876, which was approved February 2d,
1877, it was provided, that "no act of the General Assembly passed at
the present session shall be repealed or otherwise affected by" its
adoption; and by force of this provision, an act passed subsequent to
the adoption of the Code, and therein incorporated by the codifiers, re-
peals by implication any other provisions relating to the same subject
with which it is in irreconcilable conflict.

2. *Who authorized to determine qualifications of persons desiring to
practice medicine.*—Under the provisions of the act to regulate the prac-
tice of medicine in this State, approved February 9th, 1877, (Code, §§
1528–35), the board of censors of the State Medical Association, and the
board of censors of the several affiliated county associations, alone have
authority to determine the qualifications required of persons desiring to
practice medicine, and to grant certificates of qualification; and any
person who engages in the practice of medicine, without having pro-
cured a certificate of qualification (§ 4244), is declared guilty of a mis-
demeanor.

3. *No recovery had for medical services unless there is a legal certificate of
qualification.*—A penalty imposed by statute implies a prohibition;
consequently, a recovery can not be had for medical services rendered
by a person who has not procured a certificate of qualification from the
proper medical authorities of the county in which he practices.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action brought by Joseph Harrison against Jo-
seph R. Jones for the recovery of an amount alleged to be due
to the plaintiff for services rendered as a physician in attending
the wife of the defendant; and was commenced on the 7th
October, 1884, and the services were claimed to have been
rendered during the months of April and May of that year.
The defendant pleaded the general issue, payment, and the
special plea, that the plaintiff was a practicing physician in the
county of Butler, Ala., and that no certificate of qualification
or diploma had been presented to the Probate Judge of said
county for his endorsement and seal, and recorded in said pro-
bate office, as required by section 1532 of the Rev. Code
of 1876; and, that the plaintiff had no such certificate as is
required by said Code of 1876 from the county board, to enti-
tle him to practice medicine in that county. To this special
plea, the plaintiff demurred, on the ground, that said plea did
not aver, that the plaintiff had not a license to practice as a

[Harrison a. Jones.]

physician, from one of the medical boards of this State, or, that he was not a graduate of some medical college in the United States. The court overruled this demurrer, and the plaintiff replied to the defendant's plea that he was a regular practicing physician in the State of Alabama, and was a regular graduate of the Medical College of the State of South Carolina, within the United States. To this replication the defendant demurred, and the court sustained the demurrer. On the trial evidence was offered by the plaintiff tending to prove the correctness of his claim, and plaintiff's diploma from the South Carolina college was put in evidence. Upon the evidence introduced, the plaintiff requested the court to give the following written charges : 1. "The court charges the jury that if they believe the evidence, the plaintiff would be entitled to recover, so far as the plea denying the right of plaintiff to recover on account of his not receiving the certificate of the board of censors affects his right." 2. "The court charges the jury that if they believe the evidence they will find for the plaintiff as to said special plea of the defendant." 3. "The court charges the jury that if they believe the evidence, the matters set up by defendant's special plea do not prevent a recovery by the plaintiff." 4. "The court charges the jury that, if they believe from the evidence that the plaintiff was a regular practicing physician, and had been such in the State since 1852, and that he had a diploma from the Medical College of the State of South Carolina, granted in 1852, and that this college was a reputable college, then this would be a sufficient authority to practice medicine so far as to authorize him to recover for services as such, rendered in 1884." The court refused to give each of these charges ; and the plaintiff excepted to the several rulings of the court. Verdict was for defendant and the plaintiff takes this appeal.

GAMBLE & RICHARDSON, for appellant.

J. F. STALLINGS and TROY, TOMPKINS & LONDON, contra.

CLOPTON, J.—By the Code of 1852, the medical boards, then existing, were continued. They were required to examine all applicants for practice, and their diplomas or licenses, which, in all cases, were required to be from a respectable college, or institution, and if the applicants were qualified, and of good moral character, the board must grant a license to practice physic, surgery, and dental surgery, or any one or more of such branches. Every contract, the consideration of which was founded on services rendered as a physician, surgeon, or dentist was declared void, unless the person rendering such services had obtained a license to practice in such capacity from one of

the medical boards of this State.—Code, 1852, §§ 971, 972, 973, 977. On February 17, 1854, an act was passed, allowing all regular graduates of any medical college in the United States to practice their profession without obtaining a license from the medical boards or societies as established by law ; and by an act passed February 25, 1860, section 977 was amended, so as to exempt from its operation contracts, the consideration of which was formed on services rendered by a graduate of some medical college in the United States.—Acts 1853–4, 48 ; Acts 1859–60, 20. Sections 972 to 982 inclusive of Code 1852, with the subsequent amendments, constitute sections 1516 to 1527, inclusive, of Code 1876.

The Code of 1876 was adopted February 1, 1877 ; and by the act adopting it, it was provided, "but no act of the General Assembly, passed at the present session, shall be repealed or otherwise affected by the adoption of the Code." On February 9, 1877, seven days after the adoption of the Code, and at the same session, "An act to regulate the practice of medicine in the State of Alabama," was passed, the provisions of which are embodied in sections 1528 to 1535, inclusive, and sections 4244 of the Code 1876. Sections 1528 and 1529 prohibit any person to practice, either the regular or irregular systems, as a profession and means of livelihood, without having obtained a certificate of qualification from some authorized board of medical examiners, as provided by the statute. And section 1532 requires, that every diploma or certificate of qualification, issued by any authorized board of medical examiners, shall be presented to the judge of probate of the county in which the person to whom issued resides, who shall officially endorse the same, seal it with the seal of the county, and cause a full and fair copy to be made in a well bound book, to be kept for the purpose, and called the register of licensed practitioners of medicine.

It is insisted, that all the sections of the Code from 1516 to 1535 inclusive, being incorporated therein, must be construed in *pari materia*, as constituting one entire system ; prescribing not only the mode of qualification, and the proof of the same, but also the keeping of a register of licensed practitioners of medicine, and regulating the validity of their contracts for services ; and, that when thus construed, graduates of any medical college in the United States are still authorized to practice their profession, and recover for their services, without obtaining a certificate of qualification, and complying with the requirements of section 1532. A casual examination of the act of February 9, 1877, will suffice to show, that the purpose of the legislature was to organize a complete and entire system, regulating the practice of medicine in this State, and to supersede

prior regulations. The board of censors of the Medical Association of the State, organized in 1873, and the boards of censors of the several county medical societies, in affiliation with the State Medical Association, constitute the authorized boards of medical examiners. The Medical Association of the State is vested with authority to determine, from time to time, the standard of qualifications required of persons desiring to practice medicine, and prescribe rules for the government of the authorized boards of medical examiners. And persons, who are authorized, and are engaged in the practice of medicine in this State, are entitled to a certificate of qualification from the board of medical examiners, and to be inscribed in the register of licensed practitioners, without examination as to qualification.—Code, §§ 1530, 1531, 1533. These provisions clearly show, that the design of the statute is to establish boards of medical examiners, other and different from those theretofore established; to have the standard of qualifications fixed by a State association organized under its laws; and to bring all physicians authorized and engaged in the practice of medicine, within the provisions of the statute, whenever a board of medical examiners is organized in the county of their residence.

The act of February 9, 1877, was not adopted with, and as a part of the Code. It was put in the Code in pursuance of the legislative direction, that the codifiers should incorporate in the Code all the acts of a public and general nature passed at that session. While it is true, that all laws embodied in the Code, as reported to the legislature were re-enacted by its adoption, yet an act passed at a later date of the same session will repeal by implication a section of the Code, when there is an irreconcilable conflict and repugnance. By section 1534, the provisions of the six preceding sections take effect in any county, whenever the board of medical examiners for the county shall have been organized, and such organization officially communicated to the judge of probate. While the previous statutes are in force in those, in which no such board of medical examiners has been organized, the provisions of the later statute are utterly inconsistent with the theory, that any medical college is authorized to determine and certify the qualifications required of persons desiring to practice medicine in the counties, where such authorized boards exist; and repeals, by clear implication, section 1522 of the Code as to such counties.

It being admitted, that there had been organized prior to, and was in existence during the period the services were rendered by the plaintiff, an authorized board of medical examiners in Butler county; and it appearing, that the plaintiff never obtained, but declined to accept, a certificate of qualification from such board, though one was prepared for him;

[Wright v. Graves.]

and that no such certificate was presented to the judge of probate, the question is, can the plaintiff, notwithstanding, recover for the services rendered? Section 4244 makes any person, practicing medicine in this State in violation of any provisions of sections 1528 to 1535, inclusive, guilty of a misdemeanor. This section embodies section 6 of the original act. When the services were rendered, the plaintiff was practicing medicine, as a means of livelihood, in violation of the provisions of the act. Whatever may be the rule elsewhere, it is too well settled in this State to require further argument, that a penalty, imposed by statute, implies a prohibition; and a contract founded on its violation is void, though not so expressly declared by the statute. In *O'Donnell v. Sweeny*, 5 Ala. 468, it is said: "It would indeed be a strange anomaly, if a contract made in violation of a statute, and prohibited by a penalty, could be enforced in the courts of the same country whose laws are thus trampled on and set at defiance."—*Shippey v. Eastwood*, 9 Ala. 198; *Milton v. Haden*, 32 Ala. 30; *Woods v. Armstrong*, 54 Ala. 150; *Renfro v. Loyd*, 64 Ala. 94.

There is no error in the record.

Affirmed.