# Campbell *v.* Segars *et al.*

*Action on Note for Commercial Fertilizer.*

1. *Sale of commercial fertilizer, without compliance with statute regulating* —In an action on a promissory note given on the purchase of a commercial fertilizer for the agreed price, a plea averring that the sale was made in this State, and that at the time of the sale, the commercial fertilizer had never been analyzed by the agricultural commissioner, nor tags affixed to the bags and packages, as required by the statute approved February 23, 1883 (Sess. Acts 1882-83, p. 190), is a full defense.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This action was on a promissory note given by the appellees, W. M. Segars and John Davis, in the purchase of a commercial fertilizer, known as Bahama Soluble Guano. The defendants (appellees) filed a plea, alleging that the

[Campbell v. Segars *et al.*]

contract was in violation of law and void, because the said guano had never been analyzed by the agricultural commissioner of Alabama, and neither bag, barrel nor package thereof had been tagged, as required by the 8th section of the act to establish a Department of Agriculture for the State of Alabama, approved February 23, 1883.

The plaintiff (appellant) demurred to this plea, on the grounds, that it was no answer to the complaint, and that the matters therein set forth were not a legal ground of defense to the action. The court overruled the demurrer, and the plaintiff excepted.

The plaintiff then filed a replication to the plea, setting forth, that at the time of the sale of said guano to defendants, he had in his possession the tags, which he had previously purchased from the Agricultural Department, and that said guano was, at the time of said sale, stored in a public warehouse in the town of Geneva, and that defendants promised and agreed, that after loading their wagons with said guano, they would bring it by the office of the plaintiff to be tagged as required by law, but that defendants failed to do so, and carried said guano home untagged without the knowledge of plaintiff.

The defendants demurred to this replication, on the grounds, (1), that it was a violation of the criminal law of the State to sell or offer to sell said guano without *first* having it tagged as required by law ; (2), that it was a violation of § 6 of said act, either to sell or offer to sell a commercial fertilizer without complying with §§ 5 and 6 of said act ; (3), that if the contract, at the time it was made, was in violation of law and invalid, it could not be legalized by tagging the packages after said sale; and (4), that the replication admits, that at the time of said sale and offer to sell said guano, it was not tagged as required by the 8th section of said act. The court sustained this demurrer, and the plaintiff excepted.

J. D. GARDNER, for appellant.

W. V. ROBERTS, *contra*, cited §§ 5, 6, 7 and 8 of the act to establish a Department of Agriculture, Acts 1882-3, p. 190; *Woods & Co. v. Armstrong*, 54 Ala. 150.

STONE C. J.—The present action counts on a promissory note, bearing date February 9, 1884. The defense made to the action was, that the note was given in the purchase of a commercial fertilizer, known as Bahama Soluble Guano, "which guano had never been analyzed by the agricultural commissioner of the State of Alabama, nor neither bag, bar-

[Moore v. Watts & Sons.]

rel or package thereof was tagged as required by the the 8th section of the act of the General Assembly, to establish a department of agriculture for the State of Alabama, approved February 23, 1883.—Sess. Acts, 1882–83, p. 190." That statute denounces a heavy penalty against any person who sells or offers for sale in this State any lot or package of commercial fertilizer, without first complying with certain of its provisions, one of which is to procure an analysis of the fertilizer by the State agricultural commissioner. Another provision of the statute, for the violation of which a penalty is also denounced, requires that before any such fertilizer is sold, or offered for sale, there shall be attached to each package a tag, to be furnished by the agricultural commissioner, to be paid for by the dealer at a fixed rate per ton. The sale was made at Geneva in this State, and the plea, as we have seen, avers that neither of these statutory requirements had been complied with. There was a demurrer to this plea, which was overruled. The plaintiff then replied to the plea, the replication was demurred to, and the court sustained the demurrer. The Circuit Court did not err in either of these rulings.—1 Brick. Dig. 377, §§ 34, 35; 3 *Ib.* 145; *Woods v. Armstrong*, 54 Ala. 150; *Pacific Guano Co. v. Dawkins*, 57 Ala. 115; *Same v. Mullens*, 66 Ala. 582; *Clark v. Colbert*, 67 Ala. 92.

Affirmed.