# Bluthenthal & Bickert *v.* Town of Headland.

132  249
132  242
132  249
f141 605

*Action for Money Had and Received and on Account.*

(Decided December 20, 1901.)

1. *Municipal corporations; liability on implied contract for money had and received under ultra vires transaction.*—Although a municipal corporation is not liable upon an express contract which is *ultra vires,* it may be held on an implied assumpsit, or for money had and received, for money which has been advanced to it and devoted to the necessaries of the corpora-

[Bluthenthal & Bickert v. Town of Headland.]

tion, to the extent to which the loan has been so expended.

2. *Same; distinction between ultra vires contract and contract prohibited by law, and liability thereon.*—A corporation can make no contract which is prohibited by its charter or by the statute law of the State; and if such a contract is entered into by the municipality, it is not bound, and no promise to pay will be implied, although ᴛне money or property may have been used by it.

3. *Statutes; construction of statute authorizing establishment of dispensaries; purchase of liquor on credit prohibited.*—The act of the legislature authorizing the establishment of dispensaries by municipal and other subdivisions of the State, approveᴜ February 18th, 1899, (Acts 1898-99, p. 108), prohibits the purchase of liquors on credit, in the provision that "the dispenser shall buy and sell for cash only."

Appeal from Henry Circuit Court.

Tried before Hon. John P. Hubbard.

Action by Bluthenthal & Bickert on an account and for money had and received, for the price or value of liquors sold to the Town of Headland. From a judgment for defendant plaintiffs appeal.

Espy, Farmer & Espy, for appellants. (1.) Appellants were entitled to recover on the count for money had and received.—*Allen v. Intendant and Councilmen of LaFayette,* 89 Ala. 641; *Flinn v. Barber,* 64 Ala. 193; *Cain v. Martin,* 67 Ala. 177; *Smith v. Tankersly,* 20 Ala. 213; *Boyd v. Crown,* 17 Ala. 51; *Reed v. Platsmouth,* 106 U. S. 568; Dillon on Munic. Corp., §§ 460, 462. (2.) The provision in the statute that the dispenser shall buy and sell for cash only is merely directory and does not render the sale void.—*Commissioners Court v. Rather,* 48 Ala. 433; Black on Interpretation of Laws, pp. 334-8.

Pearce & Pace, contra. (1.) A method of contracting having been prescribed by statute must be followed. *McDonald v. Mayor,* 68 N. Y. 23; *Ib.* 23 Am. Rep. 144; *Portland v. Bituminous Paving Co.,* 33 Or. 307; *Ib.* 72 Am. St. Rep. 713; *Allen v. Intendant, etc.,* 89 Ala. 641. (2.) Municipal corporations possess only the following powers: Those granted in express words; those neces-

sarily and fairly implied in, or incident to, those expressly granted; and those essential to the declared objects and purposes of the corporation.—*New Decatur v. Berry,* 90 Ala. 432.

HARALSON, J.—An *ultra vires* contract is one that is wholly and manifestly outside of the charter or constituent act of the corporation or some valid legislative act applicable to it, and contracts in this sense *ultra vires,* import in general no corporate liability directly upon the contract.—2 Dillon on Munic. Corp. § 969. Incorporated companies have no powers except those which their charters confer upon them either expressly or as incidental to their existence.—*Beach v. Fulton Bank,* 3 Wend. 583; *Dartmouth College v. Woodward,* 4 Wheat. 518; *Ala. G. L. Ins. Co. v. Cen. A. & M. Asso.,* 54 Ala. 73; *Taylor v. A. & M. Asso.,* 68 Ala. 235; 2 Dillon on Munic. Corp. § 969; Green's Brice's *Ultra Vires,* 28.

While it is true, that no corporate liability is imposed on the corporation when sued on such a contract, it is well established, that "persons who have in any way advanced money to a corporation, which money has been devoted to the necessaries of the corporation, are considered in chancery (and at law, in the equitable action for money had and received) as creditors of the corporation to the extent to which the loan has been so expended."—(Green's Brices U. V., 724); and the corporation is liable in an action of implied assumpsit.—1 Dillon on Munic. Corp., § 126, n. 1. The rule is thus stated by Mr. Tiedman, quoting FIELD, C. J., in *Argenti v. San Francisco,* 16 Cal. 252, 282: "The doctrine of implied municipal liability applies to cases where money or other property of a party is received under such circumstances that the general law, independent of express contract, implies an obligation upon the city to do justice with respect to the same. If the city obtain money of another by mistake, or without authority of law, it is her duty to refund, *not from any contract entered into by her on the subject,* but from the general obligation to do justice which binds all persons whether natural or artificial. * * * The money must have gone into

the treasury or been appropriated by her, and when it is property other than money, it must have been used by her, or be under her control."—Tiedman on Mun. Corp. § 164.

The evidence in this case shows, that the goods purchased were received and sold and the money paid into its treasury or appropriated to its uses. If the defense rested wholly on the *ultra vires* character of the transaction in the purchase of the liquors, it would be unavailing. This question was fully discussed and settled in the case of *Allen v. LaFayette,* 89 Ala. 641.

A distinction, however, exists between acts or contracts simply *ultra vires,* and those which are illegal because made in violation of a positive provision of statute. When contracts are prohibited by statute to be made, they are, if made, illegal, and not simply *ultra vires*, and are subject to the rules governing the action of courts in respect to illegal contracts. It is well understood, that a corporation can make no contract which is prohibited by its charter or by the statute law of the State; and if such a contract is entered into by the municipality or its officers, and money or other property is furnished under it, the city is not bound, although the money or property may have been used by it.—1 Dillon on Munic. Corp. §§ 133, 447; *Thomas v. Richmond,* 12 Wall. 349. A promise to pay will not be implied from a contract which is void, because of the disregard of a plain statutory requirement.—Tiedman on Munic. Corp. § 164; *Wood v. Armstrong,* 54 Ala. 150.

In considering these questions, on an examination and citation of authorities, this court in the case of *Allen v. LaFayette, supra,* formulated the following rule: "Municipal corporations are liable to actions of implied assumpsit with respect to money or property received by them and applied beneficially to their authorized objects, through contracts which are simply *unauthorized,* as distinguished from contracts which are *prohibited* by their charters, or some other law bearing upon them, or are *malum in se,* or violative of public policy."

The act to authorize the establishment of dispensaries by municipal and other subdivisions of this State,

approved February 18th, 1899 (Acts, 1898-99, p. 108), in section 9, provides that "the dispenser shall buy and sell (spirituous, vinous and malt liquors) for cash only." This was a prohibition of his buying or selling on credit. Tiedman on Munic. Corp. § 165; Black on Int. of Laws, 64-65; 15 Am. & Eng. Ency. Law, (2d ed.), 935-36.

The evidence was without conflict, that the plaintiffs sold, and the dispensers bought the liquors, for the recovery of the value of which this suit is brought, on open account on thirty days' time or credit. This was a transaction prohibited by the statute, on that account illegal and void, and no cause of action arises from it for recovery, either on the contract itself, or in assumpsit on an implied contract, although the city received and got the benefit of the goods sold.

There was no error in the general charge given for defendant.

Affirmed.