[Hirsch & Spitz Manufacturing Co. v. City of Enterprise.]

$1,000, in which event the plaintiffs are to receive as compensation all of the purchase money in excess of $1,000. Under the terms of such a contract the defendant might well have sold, if he acted in good faith, as averred in the fourth count of the complaint, to a purchaser found by the plaintiffs and brought to the defendant by the plaintiffs, for the sum of $1,000, "at a price which defendant was willing to take for same," and at the same time the defendant would have had a legal right to "wholly fail and refuse to pay plaintiffs for their services," although their reasonable value might have been, as averred in the complaint, the sum of $300.

The above defects in the fourth count of the complaint were specifically called to the attention of the plaintiffs and of the trial court by the defendant's demurrer to the fourth count of the complaint. It is evident that, in our opinion, the trial court erred in overruling the defendant's demurrer to said count, and under the rules of law established for our guidance the judgment of the court below, on account of the error pointed out, must be reversed, and the cause remanded for further proceedings in the court below.

Reversed and remanded.

# Hirsch & Spitz Manufacturing Co. *v.* City of Enterprise.

*Assumpsit.*

(Decided June 24, 1912. 59 South. 315.)

1. *Municipal Corporation; Dispensaries; Contract; Validity.*—A city operating a dispensary and purchasing whisky on a credit for it in violation of Acts 1898-9, p. 108, is not liable to the seller for the price, although it received the benefit of the whisky.

[Hirsch & Spitz Manufacturing Co. v. City of Enterprise.]

2. *Same; Burden of Proof.*—Where a city is sued on a note given for whisky and seeks to defend on the theory that it was operating a dispensary and bought the whisky on a credit in violation of the act creating the dispensary, it has the burden of showing that it was operating a dispensary under the act, and purchased the whisky on a credit and executed the note for the price of the whisky, and upon failure to show these facts, it becomes liable on the note, although the purchase of the whisky was ultra vires, as it had appropriated the whisky and received the benefits of the same.

3. *Same; Powers.*—The right of a municipality to contract must be construed according to the laws of the state without regard to where the contract was made, and a contract made outside the state is not enforceable when prohibited by the laws of the state.

4. *Appeal and Error; Record; Matters Shown; Presumptions.*—Where the judgment entry states that issue was joined upon two pleas, it will be presumed on appeal that the other pleas were abandoned in the tiral court.
doned in the trial court.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Hirsch & Spitz Manufacturing Company against the City of Enterprise on a note. Judgment for defendant and plaintiff appeals. Reversed and remanded.

J. F. SANDERS, for appellant. The goods were actually sold to the city and the proceeds utilized by the municipal government, and hence, the city was liable.— *Allen v. LaFayette,* 89 Ala. 641. The contract was made out of the state, and hence, the Moody Bill has no application.—69 Ala. 111; 92 Ala. 163; 44 Am. St. Rep. 509; 35 Cyc. 93. There was no evidence to support the pleas, and it appearing that the town had received and used the whisky for its own purposes, it was liable therefor, although the act might have been ultra vires.—*Allen v. Town of LaFayette, supra.*

H. L. MARTIN, for appellee. Viewed in either aspect, any error that was committed was error without injury, as the sale was void if the town was conducting a dispensary, and if it was not conducting a dispensary, then the whole transaction was ultra vires.

PELHAM, J.—The appellant, as transferee or indorsee, brought suit on a note given by the city of Enterprise to Bluthenthal & Bickert for the purchase of whisky. The judgment entry in the record shows that issue was joined on the defendant's plea of the general issue and special plea No. 2 and the plaintiff's general replication thereto. The special plea of the defendant designated as plea No. 2 set up that the defendant municipality was conducting a dispensary under an act of the Legislature authorizing municipalities to buy and sell liquors, approved December 9, 1898 (Acts 1898-99, p. 108), commonly known as and called the "Moody Law"; that the whisky for which the note sued upon was given was purchased by the city while operating a dispensary under the Moody Law; and that the purchase was made on credit in violation of section 9 of said law.

On the trial the plaintiff introduced the note given by the city to Bluthenthal & Bickert, indorsed to the plaintiff, and proved ownership of the note, that it was due and unpaid, etc. The plaintiff also offered ordinances of the municipality authorizing the execution of the note, and it was admitted that the liquors purchased and for which the note was given had been sold by the city and the proceeds from the sale paid to the proper city authorities, gathered into the treasury and used for general municipal purposes by the defendant. The defendant introduced evidence showing that the note was given for whisky purchased for the city by the city clerk and treasurer on the order of the dispenser, and also evidence tending to show that the sale was not a cash, but a credit sale. The court, at the request of the defendant, gave the general charge requested in its behalf, and in this the court was in error. The plaintiff made out a prima facie case entitling it to

recover, and the defendant failed to prove its special plea numbered 2, the only special plea upon which issue was joined as shown by the judgment entry.

Had the defendant shown that it was operating a dispensary under the Moody Law and that the whisky was bought on credit in violation of the express provision of section 9 of that act, then, under the authority of *Bluthenthal & Bickert v. Headland,* 132 Ala. 249, 31 South. 87, 90 Am. St. Rep. 904, the plaintiff could not have recovered, even though the city received and got the benefit of the goods sold.—See, also, *Town of Cottonwood v. Austin & Co.,* 158 Ala. 117, 48 South. 345.

It is, however, not shown in this case in any way that the city of Enterprise, the defendant, was operating a dispensary under the Moody Law, making such a purchase a *prohibited* act under section 9 of that law. The burden of proving this special plea rested upon the defendant, and for aught that is proven on this point the defendant was operating the dispensary without legal authority, and, if so, then while the purchase may have been unauthorized and ultra vires, yet the city, having received and appropriated the goods and received the benefit of the money derived from their sale, could not have defeated the plaintiff's recovery by showing only an unauthorized act as distinguished from a prohibited act. The difference between the right to recover on an unauthorized contract that is ultra vires and a contract that is *prohibited* by statute, and violative of public policy for that reason, is discussed and distinguished in the cases of *Allen v. Lafayette,* 89 Ala. 641, 8 South. 30, 9 L. R. A. 497, and *Bluthenthal & Bivkert v. Headland,* 132 Ala. 249, 31 South. 87, 90 Am. St. Rep. 904.

In the instant case the defendant's right to defeat the plaintiff's recovery because of the contract being ultra vires is not raised, for, although the record contains a

[Hirsch & Spitz Manufacturing Co. v. City of Enterprise.]

plea (No. 3) setting up this defense, the judgment entry states that issue was joined only on defendant's first and second pleas, and it is to be presumed under that state of the record that the third plea was abandoned. —*Providence Sav. Life Ins. Co. Society v. Pruett,* 157 Ala. 540, 47 South. 1019.

As the case must be reversed because of the error of the court in giving the general charge for the defendant, as above pointed out, we do not deem it necessary to discuss in detail other rulings of the court, as the issues upon another trial will probably be whether or not the city was operating a dispensary under the Moody Law at the time of the purchase, and whether the sale was in violation of the provisions of that act. What facts may be shown by the evidence on another trial on those issues we of course do not know but, under the facts as shown by the record on this appeal, the defendant failed to prove its special plea No. 2, and the court was clearly in error in refusing the general charge for the plaintiff and giving such instruction in behalf of the defendant.

We discover no error in the ruling of the court in sustaining demurrers to the plaintiff's replication to plea No. 2, for if, in fact, the contract of purchase was made in violation of an express charter provision, or some law making the transaction void, it was violative of public policy and an act malum in se and it then makes no difference if the goods were retained and the note given for them is held by a bona fide holder for value and without notice.—*Bluthenthal & Bickert v. Headland, supra; Ala. Nat Bk. v. Parker,* 146 Ala. 513, 40 South. 987; *Hanover Nat. Bank v. Johnson,* 90 Ala. 552, 8 South. 42; *B. T. & S. Co. v. Curry,* 160 Ala. 370, 49 South. 319, 135 Am. St. Rep. 102.

The city of Enterprise being a municipal corporation created and existing solely under the laws of Alabama, its right to contract must be construed by the laws of this state, irrespective of where the contract is made, and the fact, if it be a fact, that this contract was made in Atlanta, can be of no benefit to the appellant.

For the errors we have pointed out, the case will be reversed.

Reversed and remanded.