(76 South. 484)

WHITEHEAD et al. v. COKER. (7 Div. 386.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied June 4, 1917.)

1. CONTRACTS ⟐➛105—CONTRACTS FOR SERVICES—VALIDITY.

Contracts made in violation of Code 1907, §§ 1626–1646, relative to the right of physicians to practice medicine without certificates of qualification, are void in the hands of all persons involved in the guilt of the transaction.

2. BILLS AND NOTES ⟐➛375 — DEFENSES—PHYSICIANS AND SURGEONS.

Any contract made in violation of Code 1907, § 1644, providing that a physician shall not be entitled to compensation for services where his certificate has not been recorded, and section 7564, prescribing a penalty for practicing medicine without a license, is void ab initio; and hence it is a good defense to a note given for services of a physician that the physician is acting in violation of such sections, though the plaintiff was an innocent purchaser of the note before maturity.

3. APPEAL AND ERROR ⟐➛1040(8)—HARMLESS ERROR—PLEADING.

Error, if any, in sustaining a demurrer to a replication as to one plea was harmless where the undisputed evidence sustained another plea constituting a complete answer to the complaint.

---

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Assumpsit by F. E. Whitehead and another, as partners, and individuals, against J. W. Coker. From judgment for defendant, plaintiffs appeal. Affirmed on rehearing.

The note sued upon was executed by Coker to Dean & Dean, and by Dean & Dean transferred by indorsement to the present plaintiff. Defendant set up that the note was given in consideration that Dean & Dean would treat plaintiff's wife by a system of treatment known as "Chiropractics." Said note was given in Alabama, and that said treatment was given in Alabama, and that at the time the note and the treatment were given the payees of said note had not obtained a certificate of qualification from the board of medical examiners, and were, in the matter of rendering treatment to said wife of defendant, acting in violation of the criminal statutes of Alabama. The foregoing is the substance of the second plea. The third plea is similar to the second, except that it alleges additionally that W. K. Dean, one of the payees of said note, resided in Etowah county, Ala., and was treating and offering to treat diseases of human beings contrary to law, and in violation of the criminal statutes of Alabama, in that at that time, and prior thereto, said W. K. Dean had not filed in the office of the judge of probate of Etowah county a certificate of qualification issued by the state board of medical examiners of the state of Alabama. The replication filed to plea 2 is that the title to the note on which the suit is founded, which note is complete and regular on its face, was before maturity acquired by them in due course, in good faith, for value, and that at the time it was negotiated to plaintiffs they had no knowledge or notice of any infirmity in said instrument, or defect in the title of the person negotiating it, and no knowledge or notice of the alleged acts set up in the plea of defendant as a defense to this action.

D. S. Anderson, of Birmingham, and Claude B. Sims, of Center, for appellants. Hugh Reed, of Center, and Goodhue & Brindley, of Gadsden, for appellee.

BROWN, P. J. This is an action on a promissory note given by the defendant to Drs. Dean & Dean for professional services rendered as physicians, and the defense interposed is that such services were rendered by the payee of the note in violation of the criminal statutes prohibiting the practice of medicine by any one who has not obtained a certificate of qualification from the board of medical examiners. Code 1907, § 7564 (Acts 1915, p. 661); Smith v. State, 8 Ala. App. 352, 63 South. 28; Id., 183 Ala. 116, 63 South. 70; Fealy v. City of Birmingham, 15 Ala. App. 367, 73 South. 296; Bragg v. State, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925.

[1] The statutory provisions found in chapter 39 of the Code, embracing §§ 1626– 1646, are regulations for the benefit of the public as well as for persons dealing with those who hold themselves out to the public as professionally qualified to treat diseases of human beings; and it is the public policy of the state to punish the violation of these statutes, and contracts made in violation of these statutes are void in the hands of all persons involved in the guilt of the transaction. Harrison v. Jones, 80 Ala. 412; Sunflower Lbr. Co. v. Turner, 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; Woods v. Armstrong, 54 Ala. 150, 25 Am. Rep. 671; Jemison v. B. & A. R. Co., 125 Ala. 383, 28 South. 51; General Electric Co. v. Town of Ft. Deposit, 174 Ala. 179, 56 South. 802; Turner v. Merchants' Bank, 126 Ala. 397, 28 South. 469; Dudley v. Collier & Pinckard, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55; Campbell v. Segars, 81 Ala. 259, 1 South. 714; Code 1907, § 1644.

In Wood v. Armstrong, supra, it was announced that:

"It has been repeatedly determined that a penalty inflicted by statute upon an offense implies a prohibition, and a contract relating to it is void, even when it is not expressly declared by the statute that the contract shall be void. * * * It would indeed be a strange anomaly if a contract made in violation of a statute, and prohibited by a penalty, could be enforced in the courts of the same country whose laws are thus trampled on and set at defiance. * * * The rule above declared is not only founded in the soundest principles of morality and public policy, but its enforcement is necessary to maintain the supremacy of the law and the dignity of the state."

Daniel, in his work on Negotiable Instruments (volume 1, p. 804, § 806) says:

"There are some defenses which are as available against a bona fide holder for value and without notice as against any other party. They are those which go to show that the instrument was absolutely void, and not merely voidable, (1) by reason of the incapacity of the party assuming to contract; or (2) by reason of some positive inhibition of law; or (3) by reason of the want of consent of the party sought to be bound by the particular contract."

In addition to interdiction of the act or transaction out of which the alleged cause of action arises, the statute (Code 1907, § 1644) provides:

"A physician whose certificate of qualification is not on record in the county in which he resides shall not be entitled to recover at law any compensation for services rendered in treating diseases of human beings."

As early as Saltmarsh v. Tuthill, 13 Ala. 388, the Supreme Court said:

"It is laid down by elementary writers as well as the adjudged cases that a bona fide holder for value, without notice, is entitled to recover upon any negotiable instrument which he has received before its maturity, notwithstanding any defect or infirmity in the title of the person from whom he derived it, although such person may have acquired it by fraud or by theft or robbery. The same doctrine is in general applicable to one thus becoming the holder of the negotiable paper when the note or bill, or the indorsement thereof, is founded on an illegal consideration. The law upon this point is founded in public policy, and there is no distinction be-

tween a case of illegality where the consideration is tainted with moral crime, which is malum in se, and where it violates the positive prohibition of a statute, which is malum prohibitum; for in each case the innocent holder may be otherwise exposed to the most enormous consequences, and the circulation of negotiable instruments would be materially obstructed, if not altogether stopped. The only exception is where the statute creating the prohibition has, at the same time, either expressly *or by necessary implication*, made the instrument absolutely void in the hands of every holder, whether he has notice of the illegality or not."

In Hanover National Bank v. Johnson, 90 Ala. 552, 8 South. 42, it was said:

"The case made by this record was not materially different from that presented on the former appeal in respect to the place, of the contract—whether made in this state or not—and we adhere to the conclusion then reached, that it was an Alabama contract, and void for noncompliance with the statute requiring certain classes of fertilizer to be analyzed and tagged before being sold or offered for sale here. The statute, in express terms declares, 'A sale or exchange of fertilizers not so tagged is void.' Code [1886] § 141; Johnson v. Hanover National Bank, 88 Ala. 271 [6 South. 909]. The note sued on, issuing out of and resting on a contract thus expressly declared to be absolutely void, cannot be enforced, even by a bona fide purchaser for value without notice and before maturity."

This doctrine was later reaffirmed in Ala. Nat. Bank v. Parker & Co., 146 Ala. 516, 40 South. 987, where it was held: •

"The circuit court committed no error in sustaining the demurrer to the plaintiff's replication to the special plea which set up as a defense to the notes sued on a failure to have the bags of fertilizer tagged as required by law. The plea showing the notes rested on a void contract, the replication of bona fide purchase for value without notice was no answer to it."

And again, in Ala. Nat. Bank v. Parker & Co., 153 Ala. 597, 45 South. 161.

These holdings were followed by this court in Hirsch & Spitz Mfg. Co. v. City of Enterprise, 5 Ala. App. 387, 59 South. 315. The language of the statute upon which the holdings in the cases above cited are rested is, "*A sale or exchange* of fertilizers not so tagged is void." Code 1896, § 203. This is not a declaration that a negotiable note given for the price of such fertilizers should be void, nor was it necessary for the plaintiff to develop the fact of such void sale in an action on a note given in such transaction to establish his right to recover. In these cases the plaintiff made a prima facie case when the note was offered in evidence, and the burden was on the defendant to develop the void transaction under

his special pleas. The principle underlying these decisions is:

"When conditions prescribed for the conduct of a business, trade, or profession are not complied with, agreements in the course of said business, trade, or profession are (1) void, if the condition is for the benefit of the public, or for the maintenance of public order or safety, or the protection of persons dealing with those upon whom it is imposed." Sunflower Lumber Co. v. Turner Supply Co., supra; Ellis v. Batson, 177 Ala. 316, 58 South. 193; General Electric Co. v. Town of Ft. Deposit, 174 Ala. 179, 56 South. 802; Harrison v. Jones, supra; Wood v. Armstrong, supra.

In Blumenthal & Bickert v. City of Columbia, 175 Ala. 402, 57 South. 814, the Supreme Court says:

"There are, however, a few exceptions to this rule [the doctrine protecting negotiable instruments], one of which is where a statute creates the prohibition which makes the note illegal, and thus makes it absolutely void in the hands of every holder, whether he has had such notice or not."

While, in the opinion of the court in the case last cited, there are expressions to the effect that the statute must expressly declare the note void, such expressions are with reference to what is stated by the author referred to. Furthermore, the sole question in that case was as to the sufficiency of the rejoinder to the replication to the effect that the plaintiff had notice, and the expressions therein found are mere dicta which are in direct conflict with the authoritative holdings above referred to and are not binding on this court. McCoy v. Prince, 197 Ala. 665, 73 South. 386.

[2] Sections 1644 and 7564 are in pari materia, and when construed together, in effect, any contract made in violation of these statutes is void ab initio; and a note "resting on a void contract" cannot be protected against the defense set up in plea 3, and the demurrer to the replication as to this plea was properly sustained. Alabama Nat. Bank v. Parker & Co., supra; Snoddy v. Bank, 88 Tenn. 573, 13 S. W. 127, 7 L. R. A. 705, 17 Am. St. Rep. 918; Streit v. Sanborn, 47 Vt. 702.

[3] If the court erred in sustaining the demurrer to the replication as to plea 2, it was error without injury, as the undisputed proof sustained the third plea, which was a complete answer to the complaint.

The result is that the judgment of reversal heretofore entered must be set aside and the judgment affirmed.

Application for rehearing granted. Judgment affirmed.