FRYER *vs.* M'RAE.

1. A citizen does not lose the right to reclaim property taken from him in times of public emergence, when the necessity which induced its seizure has passed away.

2. And until his consent to part with it is freely given, he is to be considered its rightful owner, until time shall have divested his right of property.

3. Therefore, where a horse had been seized under pretence of necessity for the public service, and was refused to be delivered, on demand made, after the exigence which induced the seizure had passed—it was held that trover would lie for his recovery.

On writ of error to Talladega Circuit court.

Trover, tried before *Shortridge,* J.

The plaintiff declared against the defendant, in an action of trover; for that plaintiff, on the first day of September, in the year one thousand eight hundred and thirty-six, was possessed of a certain dark bay horse, of the value of two hundred dollars, which he casually lost, and which afterwards came to the possession of defendant by finding, who refused to deliver him to plaintiff, and disposed of him to his own use, &c.

To this declaration, the defendant pleaded not guilty, and also justified the taking of the horse, under an order from Major General Irwin, then commanding the State troops in service.

On this state of the pleadings, issue was joined, and a verdict rendered for the defendant.

To the proceedings below, plaintiff filed his bill of ex-

ceptions, which stated, that on the trial of the cause, it appeared in evidence, that defendant, in May, eighteen hundred and thirty-six, was appointed by Major General Irwin, commanding the State troops then in service, to suppress the Creek insurrection, to carry necessary despatches, in relation to said service, from Irwinton, Barbour county, to the Governor, then at Montgomery, Alabama.    That it was necessary to the public service, that the despatch should be conveyed, and that with the utmost celerity ; and to that end, said General Irwin had caused to be given to said defendant, written authority to press fresh horses by the way, as often as his horse failed:—That on the way to Montgomery, conveying said despatch, defendant's horse failed at plaintiff's house, and the horse sued for was taken by defendant without plaintiff's consent, under the authority, and for the purpose aforesaid.    At the time of taking said horse, defendant left with plaintiff a receipt for said horse, certifying that the same was taken for said service, and was appraised at one hundred and seventy-five dollars.    It was further in evidence, that defendant, a short time afterwards, passed through plaintiff's neighborhood, leading the same horse, and riding another:—that defendant took plaintiff's horse with him: that some time after that, plaintiff met defendant, and asked what had become of his horse: that defendant made some evasive reply, but concluded by saying plaintiff should be paid for his horse:—It was further proved, that defendant traded said horse off, and never returned him.

The court charged the jury, in case they believed the necessity of the times justified the authority under which

Fryer *vs.* McRae.

defendant acted, then the taking, though only for the object stated, vested the right of property in the government, and complainant thereafter, could have no right of action against the agent taking, or any other person, in respect of the horse sued for: and that his only remedy was by application to the government, on the certificate for the appraised value: to all which, plaintiff excepted, &c.

Plaintiff's counsel contended, that although the necessity might have justified the government agent in seizing and using the horse for a specific and needful purpose, yet as soon as the end of the taking was answered, the right of the property and right of possession reverted to plaintiff, and if it remained in specie, unconsumed by the service—defendant's refusal to deliver on demand, or his applying the property to his own use after the object of the taking was answered, rendered him liable to account to plaintiff in this form of action.

*Porter*, for the plaintiff in error.

GOLDTHWAITE, J.—The plaintiff not having requested any instructions to be given to the jury at the trial, as to the lawfulness of the authority under which the defendant seems to have acted, it will be unnecessary for the court to examine, whether any person can be deprived of his property by the order or direction of a military commander, without having a remedy in the courts of justice. It seems to have been conceded, that such a right exists, from the necessity of the case; and it is not for us to decide so grave and so important a question, be-

fore some individual shall complain that his rights have been invaded.

The doctrine contained in the charge given by the court, cannot be sustained in law. If it is admitted that in times of war and danger, the property of the citizen may be seized and used for the benefit of the community, it does not follow, that he looses the right to reclaim it, after the necessity which induced its seizure has passed away. He may have a rightful demand against the government, if his property has been lawfully taken or destroyed in the public service, but his title to it can alone pass from him by his own act and consent; and until such consent is freely given, he is to be considered for all purposes as its owner, until time shall have divested his right of property.

The facts of this case, as disclosed by the bill of exceptions, establish the conversion by the defendant beyond all question, if they are true; and his orders, admitting them to be legal, (as to which, it is unnecessary to express, at this time, any opinion,) afforded no justification or excuse for not returning the horse when demanded, still less for disposing of him for his own use.

Let the judgment be reversed, and the cause remanded.