## SCREWS vs. ROACH.

1. A contract for the sale of cotton, the greater part of which is ungathered, to be delivered to the purchaser, at a specified place, as soon as it can be gathered and ginned, is executory in its character, and does not vest the title to the cotton in the purchaser, so as to enable him to maintain trover.

ERROR to the Circuit Court of Barbour.

Tried before the Hon. ROBERT DOUGHERTY.

This was an action of TROVER, brought by the plaintiff in error against the defendant in error, to recover for the value of a certain amount of cotton claimed by the plaintiff.

On the trial, a bill of exceptions was allowed, by which it appears, that both the plaintiff and defendant claimed title in the cotton through one J. W. Barrow. The plaintiff's title was founded upon a bill of sale, of which the following is a copy :

"Know all men by these presents, that J. W. Barrow has this day sold to Benjamin Screws my entire crop of cotton, all that is out of the field ; one bale ginned and packed, about one in the gin house; the remainder is yet in the field, supposed to be six or seven bales ; all of which I sell to said Screws at six cents per pound, to be delivered at T. H. B. Rives' ware house, at Jarnagan, as soon as it can be gathered and ginned. The proceeds of said cotton is to pay Benjamin Screws' store account, which is to the date one hundred and thirty-six $\frac{10}{100}$ dollars; the remainder of the money to be paid over to Mrs. L. A. Barrow, as her own right, this 5th day of Nov., 1851.      (Signed)      J. W. BARROW.

"Test : LEWIS J. MITCHELL."

The court charged the jury, that the title to the property mentioned in the foregoing instrument, was not vested in the plaintiff by its execution and delivery. To this charge the plaintiff excepted, and here assigns the same for error.

P. T. SAYRE, for plaintiff in error.

J. BUFORD, *contra.*

GIBBONS, J.—The sole question presented by the bill of exceptions is, whether or not the title to the cotton for the recovery of which the suit is brought, vested in the plaintiff by the execution and delivery of the bill of sale.

It may be stated as a general rule, in contracts for the sale of chattels, that where the contract is complete in all its parts, and nothing remains to be done by either party, in order to ascertain the identity of the thing sold, the quality, or the price, the title to the property vests in the vendee by the contract itself. But if something yet remains to be done at the time the contract is made, either to determine the identity of the thing sold, its quantity, or the price, the contract, until these things are done, is considered to be executory in its character, and the title does not vest in the purchaser. Chitty on Con. 255; Long on Sales 267; Magee v. Billingsley, 3 Ala. 679; Batre v. Simpson, 4 Ala. 305.

Applying these principles to the contract under consideration, it will readily be perceived, that the decision of the court below was correct. The contract is for the sale of cotton, the greater part of which is ungathered, and standing in the field. It has to be picked, ginned, weighed, and hauled to a particular place specified in the contract, before it is to be delivered. The contract is undoubtedly executory in its character, and not executed. It could not be pretended, we apprehend, that if the cotton, after it was gathered and in the gin house, had been burned or destroyed by accident, the loss would have fallen upon the plaintiff; and if it would not, it would be for the reason that the title had not yet vested in him by the agreement. Batre v. Simpson, *supra.*

The judgment of the court below is affirmed.