LEDBETER *vs.* BLASSINGAME.

| 31 | 495 |
|-----|-----|
| 107 | 608 |
| 31 | 495 |
| 111 | 146 |

[TRESPASS FOR TAKING WAGON.]

1. *What title will maintain action.*—One for whom a wagon has been manufactured, in pursuance of a contract, has not such a title to it as will support an action of trespass, until there has been an express or implied delivery and acceptance of it.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by William Blassingame, against Solomon S. Ledbetter, to recover damages for the wrongful taking of a wagon, which had been manufactured for the plaintiff by one J. C. Cornwell, in pursuance of a contract between them, and which was sold by the defendant, as constable, under the order of a justice of the peace. The wagon never was delivered to the plaintiff, and never was in his possession. Before or about the time of its completion, Cornwell, the manufacturer, was summoned by process of garnishment, returnable before a justice of the peace, as the debtor of plaintiff; and, on answering that he "was indebted to plaintiff for a two-horse wagon, worth $75," the wagon was condemned in his hands by the justice, as the property of plaintiff, and was afterwards sold by the defendant, as a constable, under the order of the justice. On these facts, the court charged the jury, among other things, "that if they should believe from the evidence that, before and at the time of the service of the garnishment, Cornwell had the wagon finished, and ready to be delivered to plaintiff when called for, and was only holding the wagon for the use of the plaintiff, then plaintiff had such a possession, or right to the possession of the wagon, as would enable him to maintain this action." The defendant reserved an exception to this charge, and he now assigns it as error.

L. WYETH, for appellant.

B. F. PORTER, *contra.*

WALKER, J.—Construing the charge given by the court in reference to the evidence, we regard it as presenting the question, whether an action of trespass is maintainable, by one for whom a wagon has been manufactured, for the taking of it before its delivery, or before any act of acceptance or appropriation of it by the plaintiff.

To the maintenance of an action of trespass, it is necessary that the plaintiff should have had actual or constructive possession. If the plaintiff has title, it draws to it the possession, and he is by construction deemed to have had possession.—1 Chitty on Pleading, 168–169; Shipman v. Baxter, 21 Ala. 456. The plaintiff in this case never had actual possession, and whether he ever had constructive possession depends upon the question of title.

The title to an article manufactured for one, in pursuance to a contract, does not vest upon the mere completion of the article. It is requisite that there should be some express or implied acceptance of it.—Chitty on Contracts, 340–341; Wilkins v. Bromhead, 6 Man. & Gr. 963; Atkinson v. Bell, 8 Barn. & Cres. 277; Rhode v. Thwaites, 6 Barn. & Cres. 388; Moody v. Brown, 24 Maine, 107; 2 Kent's Com. 504; Clark v. Spence, 4 Ad. & El. 448; Addison on Contracts, 223; Rose v. Story, 1 Penn. State R. 190.

The charge given authorized the plaintiff to recover, although there had been no delivery of the wagon which was the subject of the suit, no acceptance of it, no appropriation of it by the plaintiff, and no consent by him that the wagon was his in pursuance to the contract with the manufacturer. Until there was such acceptance, delivery, or appropriation, the title remained in the manufacturer, and the wagon might have been sold for his debts; as was decided in the case of Atkinson v. Bell, *supra*. The charge was, therefore, erroneous.

The judgment of the court below is reversed, and the cause remanded.