# Darden *v.* Lovelace.

## *Action for Price of Stock of Corporation.*

1. *Personalty, sale of; when property passes.* — If by the terms of an agreement for the sale of personalty, any material act connected with the subject-matter of the contract remains to be done before delivery, the property does not vest in the buyer until the performance of that act; and where the contract is not in writing, it is a question for the jury to determine on the evidence, under appropriate instructions from the court, whether a contract was made, and if so, whether it was executed or merely executory.

2. *Evidence; what irrelevant.* — In an action to recover the price of shares of stock sold and delivered to defendant — the issue being as to the sale and delivery and plaintiff's ability to sell and deliver — a certificate of shares of stock in favor of plaintiff's wife and minor children, which he had no authority to sell and transfer and had not transferred, is irrelevant and incompetent evidence on the part of the plaintiff.

APPEAL from Circuit Court of Chambers.

Tried before Hon. LITTLEBERRY STRANGE.

Appellant commenced this suit against appellee to recover the price of fifty-three shares of the capital stock of the " Rock Mills Manufacturing Company," which appellant alleged he had sold and delivered to appellee. Issue was joined on the plea of the general issue, and a special plea, alleging in sub-

[Darden *v*. Lovelace.]

stance that plaintiff never had or owned in his own right any shares of stock which he could sell or transfer.

The plaintiff testified that, in a conversation with defendant, " plaintiff offered to put $100 in the hands of one Randle if defendant would put a price on fifty-three shares of the stock, and either give or take them at the price so put upon them by defendant. Plaintiff put $50 in Randle's hands who agreed to lend him $50 more, and on this being done defendant said he would price at ninety cents on the dollar " on terms stated. Plaintiff then said " defendant could take his stock, at that price, to fifty-three shares. Defendant *nodded*, but said nothing. Plaintiff then remarked to Thomason, who was secretary of the company, to fix up the papers, but being interrupted by supper, the parties went to the supper-room. On coming out, plaintiff again told Thomason to fix the papers, whereupon defendant said ' it was time to stop this foolishness, it had been carried far enough,' and nothing further was said or done except that defendant refused to enter into any writings." The plaintiff further testified, on cross-examination, that he had never transferred any stock to defendant or delivered any certificate to him, and had done nothing more than is stated above. The rules and by-laws of the company required stock to be transferred on the books of the company. This was about the substance of all the proof as to the alleged transfer. After this the plaintiff offered to read in evidence a certificate of stock for eighty-six shares in said company. This certificate is fully described in the opinion. On the defendant's objection the court refused to permit the certificate to be read to the jury. Plaintiff duly excepted to this ruling, and in consequence thereof was " compelled to take a nonsuit, with bill of exceptions, and leave to move to set the nonsuit aside," &c.

The ruling excepted to is now assigned for error.

W. H. DENSON, for appellant.

W. H. BARNES, *contra*.

JUDGE, J. — All that is required by the common law to give validity to a sale of personal property is the mutual assent of the parties to the contract. If it is agreed that one party shall transfer to the other, for a valuable consideration, the absolute property in the thing sold, the contract is complete and binding on both parties. But if, by the terms of the agreement, some material act connected with the subject-matter of the contract remains to be done before delivery, the property sold does not vest in the buyer until the performance of such

[Doe v. Hardy.]

act. *Magee* v. *Billingsley*, 3 Ala. 679; Benj. on Sales, 3. In such case the agreement is executory, and non-performance by either party may authorize an action for its breach.

In the aspect of the present case we are relieved from all consideration of the question as to whether the evidence shows that any contract at all was made between the parties, and if it does, whether it was an executed contract or an executory agreement. These are always questions of fact to be determined by the jury, under instructions from the court, unless the contract be in writing. No action was had in the court below upon the evidence introduced; consequently there is nothing connected with it for our revision. The only question we are called upon to decide is, whether the court below erred in refusing to permit the plaintiff to introduce in evidence the certificate of stock in the Rock Mills Manufacturing Company; which refusal of the court caused him to take a nonsuit with a bill of exceptions.

This certificate of stock was for eighty-six shares in said company, in favor of " Caroline E. Darden and George W. Darden, the wife and son of W. C. Darden, and all the heirs of W. C. and Caroline E. Darden," which shares were declared to be transferable only on the books of the company upon the surrender of the certificate.

As we understand the bill of exceptions, the fifty-three shares of the stock alleged by the plaintiff to have been sold to the defendant are a part of the eighty-six shares named in the certificate. The plaintiff stated in his testimony that he had no authority to sell or dispose of the same, other than that of being " the husband and father of the parties," in whom the property in the stock was vested, as shown by the certificate.

The court committed no error in excluding the certificate as evidence. It showed upon its face that the plaintiff was not authorized to sell or dispose of any of the stock named therein, and it would have been irrelevant, and was consequently incompetent evidence under the issues joined.

Let the judgment of the circuit court be affirmed.