# Folmar & Sons v. Copeland & Brantley.

### Trover for Cotton grown on Rented Lands.

1. *Lien of landlord for rent confers no title;* and such lien alone will not entitle the landlord, or his transferree, to maintain trover against one who converts the crops grown on rented lands.

2. *The owner of property may take possession of it wherever he finds it.* But, in doing so, he must commit no trespass, violence, or breach of the peace; but must appeal to the courts, if he cannot obtain possession peaceably.

3. *Same; ownership no defense for forcible seizure.*—Ownership is no defense to an action for forcible seizure, or ejection, by "strong hand," of one who is in possession, though wrongfully.

4. *Same; what rule of defense not applicable where the taking was tortious.*—The rule that "trover is an equitable action, that defendants have an equitable right, and that therefore their defense should be allowed," does not apply where defendant obtained the possession tortiously. The policy of the law is to discourage lawlessness and unlicensed power, which tend to the subversion of civil order.

5. *Remedy of landlord, where tenant sells crop.*—Where a tenant sells the crop, (cotton,) and causes it to be removed from the premises, the landlord could sue out an attachment under the statute; but failing to do so, he can not be remedied by action of trover.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. H. D. CLAYTON.

JOHN D. GARDNER, for appellants.—The points in the case are directly decided in the case of *Abraham v. Carter*, (53 Alabama.)

W. D. WOOD, *contra.*—1. Miller had only a lien to secure his debt for rent, and nothing more.—*Thompson v. Spinks*, 12 Ala. 155. He could not maintain trespass, trover, or detinue against Copeland & Brantley, though they knew of the lien for rent.—*Ib.; Husey v. Peebles*, 53 Ala. 432.

[Folmar & Sons v. Copeland & Brantley.]

2. The tenant conveyed the entire property in the cotton, by his sale to appellees.—*Smyth v. Tankersly*, 20 Ala. 212; *Stewart v. Doughtry*, 9 Johns. 108; *Thompson v. Mawhinny & Smith*, 17 Ala. 362; *Husey v. Peebles, supra*.

2. Miller had no right to pursue the cotton in the hands of Copeland & Brantley, save by attachment.—*Janney v. Buell and Wife*, January term, 1877; *Dale County v. Gunter*, 46 Ala.; *Husey v. Peebles, supra*; see, also, *Graham v. Carter*, 53 Ala. 8.

3. As Miller, the landlord, attempted to assert a right in taking possession of the cotton, against the objections of the appellees, and inconsistent with his right as landlord, he thereby forfeited his lien as such.—*Whittle et al. v. Heard*, 13 Ala. 776; 19 Wend. 431, and cases there cited; see, also, *Samuel v. Morris*, 6 Car. & P. (Eng.) 620.

STONE, J.—The present suit is an action of trover for the conversion of two bales of cotton, grown on rented land. The plaintiffs below, Copeland & Brantley, purchased the cotton from the tenant, and took possession of it, with a knowledge that it was grown on rented land, and liable for the rent, and removed it to a gin-house, off the premises. Thereupon Miller, the landlord, claimed and demanded the cotton for his rent, and without the consent of the tenant, or the purchasers from him, took possession of the cotton, removed it, and sold it to Folmar & Sons, who had full knowledge of all the circumstances. Miller's claim was that of a landlord's lien for rent.

1. The lien of a landlord for rent is not a legal title. It is neither a *jus in re*, nor a *jus ad rem*. Save the attachment which, in certain conditions, may be sued out, under section 3472, Code of 1876, there is no remedy in the law courts for the enforcement of this lien. It is but a right to have carved out of the products of the soil, a sum of money sufficient to pay the rent charges. Distress for rent, as that right existed in England, is not of force in this State; and the landlord has no right to take personal possession of the crop, without the consent of the tenant. Failing to obtain such consent, he can only invoke the aid of the courts to afford him redress, as aid is furnished to all other lien-holders, where neither the contract or the law vests a title, or confers a right to the possession.—See *Westmoreland v. Foster*, at the present term; *Donald v. Hewitt*, 33 Ala. 534, 547; *Screws v. Roach*, 22 Ala. 675. It is manifest, that neither the landlord nor his transferree can maintain trover for the

recovery of the crop, on the unaided strength of the lien the farmer has for the payment of his rent.

2. There is a rule, that the owner of property may take possession of it wherever he finds it. But, in doing so, he must commit no trespass, violence, force, or breach of the peace. If he can not regain possession of his property peaceably, he must appeal to the courts of the country.

3. And ownership is no defense to an action for a forcible seizure, or ejection, *manu forti*, of one who is in possession, though wrongfully.—*Herndon v. Bartlett*, 4 Port. 481, 494; 4 Kent's Com. marg. p. 113; *Finch v. Alston*, 2 S. & P. .83. But Folmar & Sons and Miller had not even so good an excuse as title or ownership to justify under. As we have said, they had no legal title that would maintain an action. See *Ledbetter v. Blassengame*, 31 Ala. 495; *Parker v. Goldsmith*, 16 Ala. 526; *Screws v. Roach*, 22 Ala. 675; 1 Addison on Torts, 408–9.

4. It is said, however, that trover is an equitable action; that the defendants have an equitable right, and that therefore their defense should have been allowed.—See *McGowen v. Young*, 2 Stew. & Por. 160, 171. This rule does not apply, when the party making the defense has obtained the possession tortiously. It is the policy of the law to discourage and discountenance lawlessness, and all unlicensed force which tend to the subversion of civil order. In the case of *Abraham v. Carter* (53 Ala. 8), possession had been voluntarily surrendered to the equitable holder of the lien. That case was wholly unlike this.

Where the tenant sold the cotton, and thus caused it to be removed from the premises, the landlord could have sued out attachment under the statute. *Qui facit per alium, facit per se.* Failing to do so, he has placed himself at a disadvantage, which can not be remedied in this suit.

The rulings of the Circuit Court were in accordance with our views, and the judgment is affirmed.