JAMES A. GUEST, Appellant, v. B. F. HEINLY, *et al.*

**Practice:** NOTICE TO RELEASE. Defendants wrongfully converted certain property and refused to surrender it. After that they caused it to be seized by a sheriff under landlord's attachment. While it was in the officer's possession, plaintiff sued defendant for damages by reason of said conversion, without making the sheriff a party. The petition contained some averments common to petitions in replevin. *Held*, plaintiff was not required to serve notice upon the sheriff or defendant in order to maintain his said action.

93   183
127   736

*Appeal from Muscatine District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, DECEMBER 20, 1894.

This is an action at law to recover the value of three pianos, which it is alleged were the property of the plaintiff. The defendants answered the petition, and afterward filed an amendment to the answer, which set up an additional defense. The plaintiff demurred to the amendment to the answer. The demurrer was overruled, and judgment was rendered for defendants. Plaintiff appeals.—*Reversed.*

*Richman & Burk* for appellant.

*Jayne & Hoffman* for appellees.

Rothrock, J.—It is claimed in the petition that plaintiff was the owner of three pianos, and that he leased the same to one David, and that the said property came into the hands of the defendants, and that

on the fourth day of October, 1892, after demand for the possession of the pianos, defendants wrongfully refused to permit plaintiff to take possession thereof, and wrongfully pretended to have a lien upon the property, as upon the property of said David, and judgment is demanded for the value of the property. The defendants filed an answer. A motion was made by plaintiff to strike out part of the same. The motion was overruled, and the plaintiff filed a reply. Afterward the defendants filed an amendment and an additional amendment to their answer. This last pleading was in these words: "That on the 24th day of October, 1892, and before the commencement of this suit, an action was begun in this court for a landlord's attachment, in which the defendant B. F. Heinly, as executor, etc., was plaintiff, and one V. E. David was defendant. In said action, the same day, a writ of attachment issued against the property of said David, and on October 26, 1892, the sheriff levied it upon the pianos herein in controversy. That thereafter judgment was entered in said suit, and a special execution issued for the sale of the attached property, including said pianos, and by virtue thereof the sheriff of Muscatine county sold said pianos at sheriff's sale,—one to W. L. Kellogg, for $90; one to J. H. Munroe, for $89; and one to G. Schmidt & Bro., for $55. And these defendants allege and aver that the plaintiff at no time before the commencement of this suit gave any notice in writing to the said sheriff or to these defendants, or either of them, that he had any interest in the property levied upon by said sheriff and sold under such special execution, as required by law. Profert is hereby made of the pleadings, papers, and records of this court in said attachment suit, entitled *B. F. Heinly, Exr., v. V. E. David,* being No. 5,429, on the docket of this court. And these defendants say that at the time of the beginning of this suit

by the plaintiff the pianos described in plaintiff's petition were in possession of the sheriff of Muscatine county, Iowa, under said writ of attachment, and neither of these defendants were in the possession of said property, and claimed no interest therein, except as stated in their answer and amendments thereto. (Verified.)" The sheriff's sale of said pianos, referred to in above pleading, "as shown by the records and files in the case, of *Heinly, Executor, etc., v. David*, occurred on the 19th day of December, 1892." The demurrer was upon the ground that a written demand for the property was not necessary before commencing the action. The sole question we are required to determine is whether it was necessary that plaintiff should have given written notice, under oath, to the sheriff, of his ownership in the property, and the facts relating thereto, as required by section 4195, McClain's Code.

It is sought by counsel for appellee to maintain the position that the plaintiff's action was in replevin, and, as the sheriff was in possession under the writ of attachment, it was necessary to serve a written notice of ownership upon him. It appears to us that there are two conclusive answers to this contention: *First*, The sheriff is not a party defendant in this action; *second*, the action was not for the recovery of the property. The petition contained the following averments: "*Fourth*, That on said October 4, 1892, after demand therefor by plaintiff, defendant wrongfully refused to permit plaintiff to take possession of said property, and wrongfully detained possession thereof, and wrongfully pretended to have a lien thereon, as upon property of V. E. David. *Fifth*, And plaintiff says defendant's said refusal to deliver to him said property is a wrongful conversion thereof, and he elects to treat it as such, and brings this action for its value." This was as plain, clear, and concise a statement of an action for

the wrongful conversion of the property, and a demand to recover its value, as could well be made. It is true that some of the averments of the petition are such as are made in actions for replevin. But they are not inconsistent with the part of the petition above set out. No attack was made upon the petition by demurrer or motion, and it is wholly immaterial how it was answered. The plaintiff made his claim for the value, as for conversion, and his right must be measured by the demand. The defendants cannot defeat the right of recovery, if any, by suing out a writ of attachment after they had converted the property by refusing to deliver it to the plaintiff on demand. Of course, it will be understood that we determine no question as to the right of plaintiff to recover. On the face of his petition, he made a good cause of action against the defendants for a conversion of the property. The judgment of the District Court is *reversed.*

# REPORTS

OF

## CASES AT LAW AND IN EQUITY

DETERMINED BY THE

# SUPREME COURT

OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1895

AND IN THE FORTY-NINTH YEAR OF THE STATE.