# Ala. Nat. Bank *v.* C. C. Parker & Co.

## *Assumpsit.*

(Dec. 19, 19907. 45 So. Rep. 161.)

1. *Agriculture; Fertilizers; Sales; Notes; Pleas; Sufficiency.*— Where the fertilizer was delivered in car load lots and notes given upon the arrival of each car load, a plea to an action on all the notes that when the fertilizer was delivered, the sacks, or some of them in which it was contained, were not tagged as required by law, was insufficient as it is not made thereby to appear that untagged sacks were contained in each of the several shipments.

2. *Same.*—Under section 386, Code 1896, it is a complete defense to an action on notes given for the sale of fertilizer that the fertilizers for which they were given were not tagged as required by law.

3. *Same; Evidence.*—Where, under the evidence, the sale was complete on the arrival of the fertilizer at a certain town the time of such arrival determines whether or not the absence of tags bars

the right of recovery for the fertilizer, and it is permissible to show the absence of proper tagging when the seal of the car was first rightfully broken, and also to show that tags were properly attached at the shipping point and the car sealed, as shedding light on whether or not the statute was complied with.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Alabama National Bank against C. C. Parker & Co. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

For pleadings and facts in this case, see former report, 146 Ala. 573, 40 South. 987.

GEORGE D. MOTLEY, and A. G. & E. D. SMITH, for appellant. Demurrers should have been sustained to defendant's amended pleas 1 and 1½.—*Ala. Nat. Bank v. Parker & Co.*, 146 Ala. 513. The original contract of purchase for future delivery of the fertilizer was free from legal objections.—Authority supra. If the contract is innocent and in carrying it into effect a violation of the law arises, either by ignorance or mistake, the contract remains good, although the offender may be punished for a violation of the law.—*Branch Bank v. Cocheron*, 5 Ala. 250; *Whetstone v. Branch Bank*, 9 Ala. 875. The facts that some of the tags became detached in transit did not render the sale void.—*Holt v. Navasso Guano Co.*, 114 Ga. 666; 7 Cyc. 749. Prima facie, the notes were good and the defendant had the burden of showing what part of them were illegal.—*Wadsworth v. Dunham*, 117 Ala. 661. The contract was severable, and the parts untainted will be enforced.—*Simms v. Ala. Brew. Co.*, 132 Ala. 311. The bank was a bona fide holder without notice.—*Wildsmith v. Tracey*, 80 Ala. 261; *Capital City Ins. Co. v. Quinn*, 73 Ala. 560; *Blackmon v. Lehman*, 63 Ala. 550; *Wetumpka v. Wetumpka Wharf Co.*, 63 Ala. 612; *Schneider v. Shiffman*,

20 N. Y. 570; *Brown v. 1st Nat. Bank*, 103 Ala. 123; *Bozeman v. Allen*, 48 Ala. 512; *Winston v. Westfelt*, 22 Ala. 760. Where the contract is illegal for other reasons, than that it involved moral turpitude, ignorance of the illegality of the contract on the part of the party seeking relief has been held a strong ground for granting it.—12 A. & E. Ency. of Law, 1005; *M. & O. Ry. Co. v. Dismukes*, 94 Ala. 131; *Hotchkiss v. Dickson*, 2 Bligh (Eng.) 348; *Congress, etc. Spring Co. v. Knowlton*, 103 U. S. 49; *Pullman Car Co. v. Cent. Transp. Co.*, 65 Fed. Rep. 158; *Musson v. Fales*, 16 Mass. 332; *Roys v. Johnson*, 7 Gray (Mass.), 162; *Gerber v. Wabash R. Co.*, 63 Mo. App. 145; *Beram v. Cruscal*, 18 Misc. (N. Y.) 479; *Miller v. Hirschberg*, 37 Pac. 85; *Burkholder v. Beetem*, 65 Pa. St. 496.

STREET & ISBELL, for appellee.  Conceding that appellant was a bona fide purchaser, still the defense of "no tag" was available against it.—*Hanover Nat. Bank v. Johnson*, 90 Ala. 549; *Ala. Nat. Bank v. Parker & Co.*, 146 Ala. 513. The oral charge of the court was correct. —*Kirby v. Huntsville Fert. Co.*, 105 Ala. 529; *Ala. Nat. Bank v. Parker, supra.*

McCLELLAN, J.—On former appeal of this case (*Ala. National Bank v. Parker*, 146 Ala. 513, 40 South. 987) it was ruled that, though the elements constituting one a bona fide purcaser for value and without notice are present, in an action on a note given for fertilizer sold in this state, such matter is unavailing as an answer to a plea setting up the absence of tags on fertilizer sold in violation of section 386 of the Code of 1896, and, further, that the considerations underlying the several notes sued on were separable, and that the partial or entire illegality of consideration of one or more of the

notes would not defeat a recovery on those not so taint-
ed. The effect of the holding was to fix the status of the
litigation as practically presenting for trial five distinct
causes of action, and, if so, the pleadings should have
been addressed accordingly. Indeed, in this opinion in
this case it was said: "Inquiry should be directed to
the question of legality vel non of the consideration, in
whole or in part, of each note, apart from the others."

Amended plea No. 1, directed against the five causes
of action, alleged "that the considerations for said notes
was commercial fertilizer sold to defendants by Helm
Bone Fertilizer Company in the state of Alabama; that
at the time of delivery of said fertilizer the bags, or some
of them, in which it was contained, were not tagged with
a tag with the words printed thereon 'Guaranteed Ala-
bama Tag Tax 5 Cents,' as required by section 382 of the
Code of 1896." Amended plea 1½ was identical with
amended plea No. 1, except after the word "contained"
there was added the words "and constituting the consid-
eration of said notes." Demurrers by plaintiff to these
pleas raised the objection that it did not appear that un-
tagged sacks were contained in each car; the respective
notes being based, for consideration, upon car consign-
ments. This objection was well taken. It is too mani-
fest to admit of doubt that these pleas could be main-
tained by proof of an absence of tags on any part of the
fertilizer contained in the entire quantity delivered to
defendants. For instance, the presence of untagged
sacks, at the time of delivery, completing the sale, in the
first and fifth cars, would, under these pleas, entitle the
defendant to his judgment, notwithstanding the second,
third, and fourth cars contained only tagged sacks. The
pleas, as stated, purport to set forth matter in bar of a
recovery on all the notes; yet under the law controlling
the determination of the rights of the parties to the liti-

[Ala. Nat. Bank v. C. C. Parker & Co.]

gation, in order to obtain that result, it was necessary that one or more sacks in each car should have been untagged. The pleas do not charge the absence of tags on sacks contained in each car, but their absence from, in the alternative, some of the sacks constituting the entire quantity sold to defendant. The demurrer should have been sustained.

Plea 1, which is the same as amended plea 1, except after the word "bags" the words "some of them" are omitted, unquestionably avers that the subject of the sale, the entire 156 tons bought, was untagged. Of course, this plea was not defective. If sustained in the proof, it was a complete defense to a recovery on all the notes. Under the contract in this case, the transportation of the fertilizer to Albertville, properly consigned and the freight paid, and its arrival thereat, was a compliance on the part of the seller with his obligation, and the sale was then complete.—*Capehart v. Furman Farm Imp. Co.*, 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60. It is to this time the absence of tags, to bar a recovery under the conditions we have stated, must be referred. Of course, testimony that the tags were properly attached at Birmingham and the cars sealed, and, on the other hand, the absence of proper tagging when the seal of the car or cars was first rightfully broken, and that to remove their contents, tend to establish the fact vel non of compliance with the statute.—Code 1896, § 386.

The former opinion in this case and this should certainly suffice for guides on another trial, to which end, for the errors stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON. C. J., and DOWDELL and ANDERSON. JJ., concur.