## E. C. SIMPSON v. J. M. PERFETT.

(162 N. W. 900.)

**Specific goods — sale of — contract for — deliverable state — seller must put into — acceptance by buyer — intention of parties — when property passes — bill of sale.**

1. If, under a contract for the sale of specific goods, the seller is bound to do something to the goods for the purpose of putting them in a deliverable

state, that is, into a condition in which the buyer is bound to accept them unless a different intention appears, the property does not pass until such thing is done, and this is the law even where a bill of sale is given.

**Bill of sale — prima facie title — not conclusive evidence.**

2. A bill of sale is prima facie, but not conclusive, evidence of the passing of title.

Opinion filed April 21, 1917.

Appeal from the District Court of Adams County, Hon. *W. C. Crawford,* Judge.

Action to foreclose a real estate mortgage. Judgment for defendant. Plaintiff appeals.

Affirmed.

*P. D. Norton, C. M. Parsons,* and *Langer & Nuchols,* for appellant.

It is the law that the owner of a negotiable promissory note who obtains it before maturity for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against the world. McPherrin v. Tittle, 36 Okla. 510, 44 L.R.A. (N.S.) 395, 129 Pac. 721; Comp. Laws 1913, § 6940.

Defendant must allege and prove as a foundation for introducing his defenses, that plaintiff did not acquire title to the notes and mortgage as a holder in due course. Commercial Security Co. v. Jack, 29 N. D. 67, 150 N. W. 460; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614.

A legal presumption exists that the indorsee purchased the notes in due course, and the presumption continues unless his title is shown to be defective through fraud or other reasons. Kerr v. Anderson, supra; 4 Am. & Eng. Enc. Law, 2d ed. 558.

The breach of warranty neither rescinds the sale nor gives the vendee a right to rescind, but merely a right of action for damages. 35 Cyc. 138 (f); 408 (VIII.); Mundt v. Simpkins, 81 Neb. 1, 129 Am. St. Rep. 670, 115 N. W. 325; American Case & Register Co. v. Walton & D. Co. 22 N. D. 187, 133 N. W. 309; Benjamin, Sales 7th ed. § 425; Bardwell v. Southern Engine & Boiler Works, 130 Ky. 222, 20 L.R.A. (N.S.) 110, 113 S. W. 97; Newmark, Sales, § 159.

Under an executory contract of sale, where machinery is guaranteed to work satisfactorily, the buyer should notify the seller that it does not work satisfactorily and that he declines to accept it. Mulcahy v. Dieu-

donne, 103 Minn. 352, 115 N. W. 636; 35 Cyc. (b) 602, 603; J. I. Case Threshing Mach. Co. v. Gidley, 28 S. D. 101, 132 N. W. 711; Joyce, Defenses to Commercial Paper, § 207, p. 239; Brown v. Roberts, 90 Minn. 314, 96 N. W. 793; Nichols & S. Co. v. Soderquist, 77 Minn. 509, 80 N. W. 630, and other cases.

*F. M. Jackson,* for respondent.

That the indorsement of a note is a separate written contract is held by a majority of the courts of this country.    First Nat. Bank v. Crabtree, 86 Iowa, 731, 52 N. W. 559; Holmes v. First Nat. Bank, 38 Neb. 326, 41 Am. St. Rep. 733, 56 N. W. 1011; Kiel v. Choate, 92 Wis. 517, 53 Am. St. Rep. 936, 67 N. Y. 431; Baxter Nat. Bank v. Talbot, 154 Mass. 213, 13 L.R.A. 52, 28 N. E. 163.

Much authority holds that blank indorsements of commercial paper are perfected contracts in writing.    Wallace v. Reed, 70 Ind. 263; Wyant v. Pottorff, 37 Ind. 512; Tyson v. Joyner, 139 N. C. 69, 51 S. E. 803.

Such indorsements must be introduced in evidence, or there is no contract of indorsement before the court, and the mere introduction of the note does not bring into the case the indorsement.    7 Cyc. 819.

"The only assignment which will cut off the equities of the maker of a note is one made in conformity with the statute, and passing of legal title."    Massachusetts Loan & T. Co. v. Twichell, 7 N. D. 440, 75 N. W. 786; Peck v. Bligh, 37 Ill. 317; Mullanphy Sav. Bank v. Schott, 135 Ill. 655, 25 Am. St. Rep. 401, 26 N. E. 640; Skinner v. Raynor, 95 Iowa, 536, 64 N. W. 601; Wright v. Bartholomew, 66 App. Div. 357, 72 N. Y. Supp. 706; Williams v. Huntington, 68 Md. 590, 6 Am. St. Rep. 477, 13 Atl. 336; Schlemmer v. Nelson, 123 Minn. 66, 142 N. W. 1041; 3 R. C. L. 241; Condon v. Barnum, — Iowa, —, 106 N. W. 514.

By the pleadings and proof, the burden of proof was shifted over to plaintiff to show affirmatively that he was a bona fide holder in due course.    3 R. C. L. § 246.

BRUCE, Ch. J.    This is an action to foreclose a real estate mortgage given to secure negotiable promissory notes in payment of a Hart-Parr engine and some plows.    The plaintiff claims to be an innocent purchaser and indorsee.    The answer denies that the plaintiff paid any

consideration for the notes in question, and also alleges a lack or failure of consideration in that the machine was never put in good working order, and that as the delivery and acceptance were conditioned upon this being done, and the machine had never been delivered or accepted, no obligation was incurred by the defendant.

We are satisfied from a perusal of the evidence that the plaintiff was not a purchaser for value. He was a bookkeeper, working for a small salary, and for the person who allegedly sold him the notes. He absolutely refused to testify where he obtained the money with which to pay for the same, and our perusal of the evidence leads us to the conclusion that he would be unable to do so.

Even, however, if the plaintiff Simpson did not prove the payment of the $1,000 for the notes in question, he is still the holder and possessor of the same, and as such is entitled to bring this action. This being the case, we must face the defense of lack or failure of consideration.

We are of the opinion that this defense is abundantly proved. We are, indeed, of the opinion that the evidence sustains the finding of the trial court that there was no legal delivery, since the machine was agreed to be placed in running order as a condition precedent to that delivery, and that was not done.

We realize that a bill of sale was given and that as a rule the giving of a bill of sale passes title.

We believe the law, however, also to be that "if, under a contract for the sale of specific goods, the seller is bound to do something to the goods for the purpose of putting them in a deliverable state, that is, into a condition in which the buyer is bound to accept them unless a different intention appears, the property does not pass until such thing is done, and that this is the law even where a bill of sale is given." See 35 Cyc. 282; Magee v. Billingsley, 3 Ala. 679; Benjamin, Sales, 3; Darden v. Lovelace, 52 Ala. 289; Parsons, Contr. 441; Story, Sales, § 296; Chitty, Contr. 10th Am. ed. 396, 397; Addison, Contr. 2d Am. ed. 225–228; McClung v. Kelley, 21 Iowa, 511; Hamilton v. Gordon, 22 Or. 560, 30 Pac. 495; Welter v. Hill, 65 Minn. 274, 68 N. W. 26; Elgee Cotton Cases (United States v. Woodruff) 22 Wall. 180, 22 L. ed. 863; 24 Am. & Eng. Enc. Law, 2d ed. 1049; Kitson Mach. Co. v. Holden, 74 Vt. 104, 52 Atl. 272; H. M. Tyler Lumber Co. v. Charlton, 128 Mich. 305, 55 L.R.A. 301, 92 Am. St. Rep. 452, 87 N. W. 268. In

such a case the bill of sale is prima facie, but not conclusive, evidence of the passing of title.

In the case at bar the bill of sale provided that the engine would be put in running order. This, we believe, was a condition precedent which was not performed.

The judgment of the District Court is affirmed.

ROBINSON, J. (concurring specially). The plaintiff brings this action to foreclose a real estate mortgage given to secure negotiable promissory notes for $1,000 and interest from May 24th, 1914. The defense and the proof are that the notes were given for an old Hart-Parr engine of no value and some plows that were never delivered. The trial court gave a judgment in favor of the defendant. The claim of the plaintiff is that he was an innocent purchaser and indorsee of the notes in good faith and for value. The evidence shows the notes were transferred to the plaintiff, E. C. Simpson, by Maurice Donnelly, the payee. The plaintiff testifies that he paid for the notes and mortgage $1,000. He took the notes before they became due. He made no inquiry to ascertain what, if any, consideration Maurice Donnelly gave for the notes. He says: "I am a bookkeeper at Indianapolis agency of Terre Haute Brewing Company, and have held the position since September, 1895. Maurice Donnelly is the manager of the agency, and has been manager ever since I have been bookkeeper. I work under him in the same building. I paid the consideration of the notes in cash. It was savings from my salary. I was probably six months in accumulating the $1,000, from my savings to pay Mr. Donnelly. I decline to answer what salary I receive. I am paid by the month. I decline to answer how much a month."

Now a judge is presumed to know what is generally known by people of common intelligence. He knows the salary of bookkeeper is about a thousand a year, and few bookkeepers save more than half their salary. If the plaintiff had been able to accumulate $1,000 in five or six months, he would not have been a bookkeeper since September, 1895. A person must not come to this court and expect the judges to open their mouth and to shut their eyes and to swallow anything that may be submitted as evidence. The judgment of the trial court is affirmed.