**WILSON v. CALDWELL et al. (5 Div. 432.)**

(Court of Appeals of Alabama. Jan. 16, 1923. Rehearing Denied Feb. 6, 1923.)

1. **Trover and conversion** ⬄16—**Title and right to possession essential to support action.**

To support the action of trover, plaintiff must at the time of the conversion have had a property in the chattel, either general or special, and the actual possession or the right to the immediate possession.

2. **Sales** ⬄472(3) — **Bill of sale of Liberty Bonds held not to vest legal title, seller not being entitled to possession until payment in full.**

An employee contracted to buy from his employer two United States Liberty Bonds of $50 each, for which he was to pay monthly in-

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 195 Ala. 692.

stallments of $12.50. Subsequently, at a time when he still owed one payment of $12.50 and before delivery to him, he executed to plaintiff a bill of sale for a valuable consideration, reciting a conveyance of the title to the said $100 worth of Liberty Bonds. In an action of trover by the assignee against the employer, *held,* that the sale by the employer was conditional, requiring the payment of $100 by employee before latter would be entitled to possession, and, being executory to the extent of $12.50, the employee had no title which he could vest in plaintiff assignee by the bill of sale, nor under it entitle assignee to the immediate possession.

3. **Sales** ⬄481—**When trover held not to lie.**

Where a contract with plaintiff's assignor was not for the delivery of any particularly designated bonds, but provided only that on payment of $100 in installments of $12.50 each the bond seller would deliver to assignor two bonds of the United States of par value of $50 each, *held,* trover would not lie for a breach by the bond seller.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action in trover by F. D. Wilson against E. G. Caldwell and the Mobile & Ohio Railroad Company. Judgment for defendants, and plaintiff appeals. Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

The sale of a specified article for money is complete when the money is paid, and transfers the title to the purchaser without delivery, actual or constructive, and the fact that the subject-matter of the sale is not in the actual possession of the seller does not affect his general right to sell it and transfer title. 46 Ala. 520; 171 Ala. 112, 55 South. 158, Ann. Cas. 1913A, 1103; 23 R. C. L. 1237; 200 Ala. 122, 75 South. 573; 73 Ala. 175, 49 Am. Rep. 43; 29 Ala. 283; 76 South. 973; 39 Ala. 123. One who purchases chattels from another acquires no better title than his vendor has, although he purchases without any infirmity in the title and for a valuable consideration. 146 Ala. 490, 41 South. 149; 202 Ala. 650, 81 South. 670; 52 South. 339; 146 Ala. 490, 41 South. 149. Joint owners of personal property may by special agreement invest one of them with a special possessory interest sufficient to maintain detinue. 202 Ala. 650. 81 South. 669. The affirmative charge should never be given for defendant, where there is the slightest evidence tending to prove a right of recovery in the plaintiff. 207 Ala. 61, 91 South. 802; 201 Ala. 261, 77 South. 675.

F. L. Tate, of Wetumpka, and Steiner, Crum & Weil, of Montgomery, for appellees.

A corporation is only bound by such knowledge or information given its agent as comes to the agent in transacting the business of his principal. 11 Mich. Ala. Dig. 101.

SAMFORD, J. During the year 1919, one Patrick contracted to purchase from defendant Mobile & Ohio Railroad Company two United States Liberty Bonds, of $50 each, for which he was to pay in monthly installments of $12.50, to be deducted from his wages as an employee of the railroad company. On September 25, 1919, at a time when he still lacked one payment of $12.50, and before delivery to him, he executed a bill of sale for a valuable consideration, reciting a conveyance of the title to $100 worth of Liberty Bonds, bought through Mobile & Ohio Railroad, to the plaintiff, the bill of sale being witnessed by Caldwell, one of the defendants. On December 19, 1919, and February 3, 1920, respectively, the defendant Mobile & Ohio Railroad Company took receipt from Patrick, acknowledging delivery of the two bonds. These bonds were not actually delivered to Patrick, but were retained by defendant Caldwell, who was the agent of the Mobile & Ohio Railroad to whom they were sent, to be delivered upon payment of the last installment of $12.50, and which $12.50 was paid by Caldwell, who, with the assent of Patrick, sold the bonds applying the proceeds, above the $12.50, to the credit of Patrick at Caldwell's store, where Patrick owed an account, a part of which was $12.50, advanced for the last payment on the bonds. The bonds were sold by Caldwell and the proceeds so applied, with full knowledge on the part of Caldwell, of the bill of sale to plaintiff and of plaintiff's claim. The court, over the objection and exception of plaintiff, excluded the bill of sale to plaintiff and at the request of both defendants in writing gave for them the general charge.

A consideration of the plaintiff's claim under the detinue count may be eliminated, as the evidence shows, without conflict, that neither the defendants jointly or severally had possession of either of the bonds sued for at the time suit was filed, the same having been sold and converted into money. This leaves for consideration solely the question of whether, under the facts of this case, plaintiff can recover in an action of trover, under the third count of the complaint, there being no count in case.

[1, 2] To support the action of trover, the plaintiff must, at the time of the conversion, have had a property in the chattel either general or special, and the actual possession or the right to the immediate possession. Nations v. Hawkins' Adm'r, 11 Ala. 859; Sd. Ry. Co. v. City of Attalla, 147 Ala. 653, 41 South. 664. The sale of bonds by the Mobile & Ohio Railroad Company was conditional, requiring the payment of $100 by Patrick, before he would be entitled to the possession, and therefore was, to this extent, executory. Patrick had not paid the purchase price at the time he executed the bill of sale to plaintiff; hence the bill of sale did not vest in plaintiff the title to the bonds. Screws v. Roach, 22 Ala. 675. Nor did the bill of sale entitle plaintiff to the immediate possession. In other words, at the time of the execution of the bill of sale by Patrick to plaintiff, Patrick had no title and no right to possession, but only a contract for the sale and delivery of United States bonds of the par value of $100, a part of a certain issue.

[3] The contract between Patrick and the Mobile & Ohio Railroad was not for the delivery of any particularly designated bond or bonds, but only that, on payment of $100 in installments of $12.50, the railroad company would deliver to him two bonds of the United States of the par value of $50 each. Had the railroad company breached its contract, Patrick's remedy could not have been trover. Besides, Patrick never became entitled to the possession of any of the bonds contracted for. He only paid on the contract price $87.50, and at his instance the defendant Caldwell paid the last installment of $12.50, taking the bonds into his possession. This $12.50 has never been paid. Whatever may be the remedy of plaintiff, it is not trover, and therefore, conceding the admissibility of the bill of sale as evidence, the court did not err in giving the general charge as requested.

We find no error in the record, and the judgment is affirmed.

Affirmed.