(96 South. 185)·

## COMPTON v. SIMS. (7 Div. 376.)

(Supreme Court of Alabama. April 26, 1923.)

**1. Landlord and tenant ⊂⊃258—Refusal of landlord to deliver warehouse tickets of the crop to the tenant held conversion.**

The interest of a landlord in cotton raised by his tenant was that of a lienor only, and he had neither jus in re nor jus ad rem, and his sole remedy for enforcement of his claim for rent in the premises was attachment, as provided by Code 1907, § 4734 et seq., and where warehouse tickets were delivered to him by mortgagee of the crop, and he refused to deliver the tickets to the tenant on demand, he was guilty of a conversion, and a long subsequent institution of attachment was in no sense a justification of the tort already committed.

**2. Trover and conversion ⊂⊃9(1)—Refusal to deliver chattel constitutes conversion.**

The refusal, without legal excuse, to deliver a chattel on the owner's demand of the party in possession of the chattel, constitutes a conversion.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by J. T. Compton against A. W. Sims. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Corrected and affirmed.

Walter S. Smith, of Lineville, for appellant.

The landlord had a lien on the crop grown for rent and advances, and had the right to resort to attachment. Jackson v. Bain, 74 Ala. 328; Folmar v. Copeland, 57 Ala. 588; Scaife v. Stovall, 67 Ala. 237. Bare possession of property, without some wrongful act in its acquisition or possession, is not conversion. Glaze v. McMillion, 7 Port. 279; Lineville Nat. Bank v. Weaver, 16. Ala. App. 431, 78 South. 461; 38 Cyc. 2028; Connor v. Allen, 33 Ala. 515. The levy of an attachment or property in one's possession is a legal excuse for refusing to deliver it to the owner. Fletcher v. Fletcher, 7 N. H. 452, 28 Am. Dec. 359.

A. L. Crumpton, of Ashland, for appellee.

When a case is tried by the court without a jury, error in the admission of evidence will not work a reversal on appeal, if the judgment rendered is sustained by the legal evidence. Woodrow v. Hawving, .105 Ala. 240, 16 South. 720; Little v. Smith, 119 Ala. 461, 24 South. 427. Nondelivery of a chattel without legal excuse, after demand, constitutes a conversion. Fryer v. McRae, 8 Port. 187; 38 Cyc. 2031. A landlord cannot take or hold possession of property on which he has a lien without legal process. Banks v.

Windham, 7 Ala. App. 616, 62 South. 297; Code 1907, §§ 4747, 4748; Marlowe v. Rogers, 102 Ala. 510, 14 South. 790.

McCLELLAN, J. The appellant instituted this action against appellee upon promissory note for $100, executed to the plaintiff by the defendant for the rent, for the year 1921, of land, as shown on the face of the note. As landlord, plaintiff secured the issuance of writ of attachment which was levied on two bales of cotton. Besides general traverse, the defendant interposed these matters of defense and counterclaim: Payment, and damages for the conversion by plaintiff of the two bales of cotton upon which the writ of attachment was levied. Issue was joined on the pleas. The sufficiency of the pleas, asserting cross-demand, were not in any way tested on the trial. Any intention to put in issue the grounds for the attachment was disavowed by defendant. The trial was by the court without jury, on testimony taken through oral examination and judgment for $95 in defendant's favor was rendered. It is evident that the trial court founded the judgment in defendant's cross-demand for conversion to an extent in excess of the claim for rent. The two bales of cotton mentioned in the pleas of set-off and recoupment were grown on the rented premises during the crop year 1921, were subject to Compton's landlord's lien, to the extent the rent was not paid, were delivered by Sims, the tenant, to a warehouse, and the "warehouse tickets" were later delivered, for safekeeping and subject to the claim for rent, by Sims to Burrow, to whom Sims had executed a mortgage (subordinate to the lien of the landlord) covering this cotton; and still later Burrow delivered the "warehouse tickets" to Compton, the landlord, with the understanding between them (Burrow and Compton) that, after the balance of the rent had been paid out of the proceeds of the cotton, the excess should be paid to Burrow, Sims' mortgagee. Aside from other considerations to be adverted to, the controversy between the landlord and the tenant, parties to this cause, may have been inspired by the different judgments and dispositions of these parties with respect to when was or would be the best time to market the cotton, though there were indications in the evidence that perhaps a desire for damages on the part of the defendant, the tenant, motived him in the premises, or that some measure or degree of perverseness moved the plaintiff, the landlord, to his course, depending, however, in both respects upon the credibility to be accorded the orally given testimony of the witnesses and possible, fair inferences therefrom.

[1, 2] It is insisted for appellant that the evidence did not justify a finding that Compton had converted the cotton. It was open

to the trial court (without jury), upon consideration of the evidence, to find that Sims demanded of Compton the possession of the "warehouse tickets," tokens of the cotton thereby symbolized, and that Compton refused to surrender or deliver them to Sims. With respect to this cotton, Compton, the landlord, had neither jus in re·nor jus ad rem; ·his interest being that of a lienor only. Folmar v. Copeland, 57 Ala. 588, 589. Compton's sole remedy for the enforcement of his claim for rent in the premises was that provided by the statutes, viz. attachment. Folmar v. Copeland, supra; Code, § 4734 et seq. The doctrine of the cited decision has been repeatedly since recognized. Sims, the tenant, had the title to the cotton. Unless Sims consented to Compton's retention of the cotton or its symbol, Sims, the holder of the title, was entitled on demand to the possession of the cotton, or to the symbols thereof, the "warehouse tickets," without which Sims could not regain the actual custody of the cotton so stored by him; this as against Compton, his landlord, whose only relation to the cotton was as a lienor. The refusal, without legal excuse, to deliver a chattel, on the owner's demand of the party in possession of the chattel, constitutes a conversion. Fryer v. McRae, 8 Port. 187; Marlowe v. Rogers, 102 Ala. 510, 515, 14 South.. 790; 38 Cyc. p. 2031. There was evidence inviting findings of fact justifying the further conclusion, within the rule stated, that Compton was guilty of a conversion of this cotton some months before the attachment proceedings were instituted. If, as was undoubtedly concluded by· the trial court, a conversion of the cotton was consummated by Compton's refusal to deliver in response to Sims' demand, the long subsequent institution of the attachment suit by Compton afforded in no sense justification of the tort already committed. ·Guest v. Heinly, 93 Iowa, 183, 61 N. W. 404; 38 Cyc. p. 2042.

Under the evidence, no error can be attributed to the trial court on the theory that the court was not justified in concluding that Compton was guilty of conversion of the cotton in question.

Thirty of the errors assigned relate to rulings on the allowance or rejection of questions propounded to the witnesses and on motions to exclude their answers. The brief for appellant does not conform to the rule prescribing the method for presentation ,of separate argument in support of distinct assignments of error. Rule 10, Sup. Ct. Prac. (175 Ala. xviii, 61 South. vii). This omission has somewhat embarrassed the review of the trial, as well as rendered uncertain, in some instances, upon what particular errors assigned the appellant has insisted. The court has nevertheless reviewed the assignments of the character indicated, and . finds among them no basis for the conclusion that reversible error intervened through such rulings.

· No pleading was interposed by plaintiff in answer to defendant's cross-action whereby any effect, by estoppel or otherwise, was sought to be given defendant's suit against Bell, plaintiff's agent in the premises, in the justice's court. That matter was immaterial to the issues tendered by the pleading in the present cause. Whether admitted or rejected, evidence in reference to the suit against Bell was unimportant either way.

The fact that the "warehouse tickets" were delivered by Burrow to Compton with defendant's consent was not contested by defendant, and so in express recognition by defendant, as well as by Burrow, of the superior claim of Compton for such of the rent as then remained unpaid.

The amount of the rent, after allowance of proper credits for work done by defendant for plaintiff and for the value of "feedstuff" defendant claimed he furnished plaintiff's aunt at plaintiff's instance and request, to be credited on the rent, were subjects of contest in the evidence. The sum stated in the judgment over in defendant's favor shows that the trial court's conclusion involved acceptance of defendant's version of those matters. This conclusion cannot be held for error.

The last assignment of error points out this defect in the trial court's judgment the omission to discharge the attachment. In consequence of the trial court's conclusion on the facts, inducing the judgment over, this should have been done. In accordance with the provision of ·Code, § 2890, the judgment appealed from will be here amended so as to discharge the levy of the attachment upon the cotton in question.

The judgment is corrected and affirmed.
Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.