(112 So. 123)

**IRON CITY GRAIN CO. v. ARNOLD.**
**(6 Div. 724.)**

(Supreme Court of Alabama. March 24, 1927.)

1. Sales ⬥199—Where price, quantity, and identity of goods in seller's possession are determined, title passes at time of sale, where contrary intention is not shown.

Where goods sold are in possession of seller, and are definitely ascertained and agreed on, nothing remaining to be done to determine price, quantity, or identity, sale is complete, and title passes by force of contract itself, in absence of anything showing contradictory intention.

2. Sales ⬥199—Title and risk of loss passed at time of sale to buyer of car of hay standing on tracks.

Where buyer's agent, after examining car of hay standing on tracks, bought it at a certain price, and instructed seller's agent to send it to tracks opposite buyer's warehouse, title and risk of loss passed at time of sale, irrespective of question and fact of delivery, and loss from fire, when standing near buyer's warehouse, fell on buyer.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by C. F. Arnold, doing business as C. F. Arnold & Co., against the Iron City Grain Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The suit is to recover the price of a car load of hay. Plaintiff had a car of alfalfa hay standing on the tracks of the Frisco Railroad at Birmingham. With a view to buying the hay, defendant's representative went with plaintiff's agent and examined it. Finding it satisfactory in quality, defendant's agent bought the hay.

Plaintiff's selling agent testified that he made a price of $29 a ton, and defendant's agent told him "to send it to North Birmingham to the Iron City Grain Company" (the defendant).

Defendant's buying agent testified:

"I looked at the hay, and Mr. Bigsby made me a price on it delivered at my plant at $29. * * * The shipper paid the switching and freight charges on those cars. * .* * I told Mr. Bigsby to send it out to our warehouse; I mean to the tracks opposite our warehouse. * * * I told Mr. Bigsby I would give him $29 f. o. b. our plant for this car."

Defendant's warehouse was in North Birmingham, and freight could be delivered to it only over a spur track of the Louisville & Nashville Railroad, which ran behind it at a distance of three or four feet. This car of hay was turned over to the Louisville & Nashville Railroad Company, with switching charges prepaid, for delivery at defendant's warehouse and it was left on this spur track opposite one of the two freight doors in the rear, on Saturday May 31, and defendant's president receipted for it, as he stated, about 4:30 p. m. He stated that he saw the car standing there about 3 p. m., but did not know it was this car of hay.

Early Sunday morning following defendant's warehouse was destroyed by fire, and with it this car of hay. Defendant's contention is that the title had never passed to it, and that the loss therefore falls on the seller, the plaintiff.

The trial court, sitting without a jury, made a special finding of facts, and concluded that the car of hay had been delivered to defendant before the fire destroyed it, and that plaintiff is entitled to recover the purchase price agreed on. Defendant appeals.

F. D. McArthur, of Birmingham, for appellant.

No delivery of the hay was made to the defendant, and there could be no recovery. 10 C. J. 253; Code 1923, § 10092; Bowdon v. A. C. L., 148 Ala. 29, 41 So. 294; 18 C. J. 477; U. S. v. McCready (C. C.) 11 F. 225.

J. P. Mudd, of Birmingham, for appellee.

The title to property passed from the seller to the buyer according to the intention of the parties. 35 Cyc. 276; 1 Williston, Contr. (2d Ed.) 525, 602. Destruction of the property was no defense in this case. Howard v. St. L. J. Co., 146 Ky. 160, 142 S. W, 241.

SOMERVILLE, J. Looking to the whole evidence, we think it fairly supports the findings of the trial court and the conclusion that there was a complete and effective delivery of the car of hay at defendant's warehouse in North Birmingham, in conformity with the seller's obligation in the premises, from which it resulted that title passed to the buyer, accompanied by the risk of loss. Capehart v. Furman, etc., Co., 103 Ala. 671, 16 So. 627, 49 Am. St. Rep. 60; Ala. Nat. Bank v. Parker, 153 Ala. 597, 601, 45 So. 161. Appellant's argument is limited to a negation of the fact of efficient delivery as found by the trial court.

[1, 2] But, under the evidence before the court, delivery was not essential to the passage of the title from the seller to the buyer. Where the goods sold are in the possession of the seller, and are definitely ascertained and agreed upon—nothing· remaining to be done to determine their price, quantity, or identity— the sale is complete, and the title passes by force of the contract itself, in the absence of anything to show a contrary intention. Magee v. Billingsley, 3 Ala. 679, 693; Screws v. Roach, 22 Ala. 675, 676; Hudson v. Weir, 29 Ala. 294; Darden v. Lovelace, 52 Ala. 289; Lehman & Co. v. Warren et al., 53 Ala. 535, 540; Mobile Savings Bank v. Fry, 69 Ala. 348; Pilgreen v. State, 71 Ala. 368; Foley v. Felrath, 98 Ala. 176, 180, 13 So. 485, 39 Am. St. Rep. 39; Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 628, 59 So. 273.

Here every requirement for an executed sale was present, and the resulting presumption that the title was intended· to pass, and did pass, presently, by the agreement of purchase and sale, was not impaired by any contrary tendency of the evidence.

Under the authorities above noted, the title to this carload of hay passed to defendant by and at the time of the sale, irrespective of the question and fact of delivery, and the loss falls on defendant.

It results that judgment was properly rendered for plaintiff for the stipulated price, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.